# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| JUAN BARRERA, JOSE CABRERA, DANIEL CHAVEZ, JOSE DUMA, JOSE LLIBISUPA, ISAAC MALDONADO, EDGAR REDROVAN, NICHOLAS SEGUNDO SANCHEZ, JUAN CARLOS SIMBANA, and DANILO BRITO VARGAS, | Civil Action No. 3:07-cv-01436-RNC |
| Plaintiffs, | |
| v. | April 9, 2009 |
| MARK BOUGHTON, ALAN BAKER, JOSE AGOSTO, RICHARD DEJESUS, JAMES FISHER, JAMES LALLI, CRAIG MARTIN, JOSEPH NORKUS, JOHN DOES, CITY OF DANBURY, RONALD PREBLE, RICHARD McCAFFREY, JAMES BROWN, JOHN DOES, and USA, | |
| Defendants. | |

## MOTION OF NONPARTIES JUNTA FOR PROGRESSIVE ACTION, THE DANBURY AREA COALITION FOR THE RIGHTS OF IMMIGRANTS, THE ECUADORIAN CIVIC CENTER OF DANBURY, AND UNIDAD LATINA EN ACCION TO QUASH SUBPOENAS AND FOR A PROTECTIVE ORDER

Pursuant to Rules 26(b), 26(c), and 45(c) of the Federal Rules of Civil Procedure, non-party witnesses, JUNTA for Progressive Action ("JUNTA"), The Danbury Area Coalition for the Rights of Immigrants ("DACORIM"), The Ecuadorian Civic Center of Danbury ("Ecuadorian Civic Center"), and Unidad Latina en Accion ("ULA") (collectively, the "Movants"), through their counsel, hereby submit their Motion to Quash the subpoenas (the "Subpoenas") served by Defendants Mark Boughton, Alan Baker, Jose Agosto, Richard Dejesus, James Fisher, James Lalli, Craig Martin, Joseph Norkus, and John Does (collectively the "Defendants") on the

Movants in the above-captioned matter and for a protective order prohibiting further discovery of the type requested in the Subpoenas.  The Subpoenas (attached as Exhibits A-D to the accompanying memorandum in support) seek to compel JUNTA, DACORIM, the Ecuadorian Civic Center, and ULA to be deposed concerning a separate lawsuit, and to produce documents. Movants submit this motion on the grounds that both the testimony and the documents would impose an undue burden on the Movants.

As stated in more detail in their contemporaneously filed Memorandum of Law in Support of Motion to Quash Subpoenas and for a Protective Order, the Movants respectfully request the Court to quash the Subpoenas and issue an appropriate protective order.  The Movants further request any other relief to which they may be justified.


Dated:  New Haven, Connecticut

April 9, 2009

/s/
_____
Christopher Lasch, ct27139
Jerome N. Frank Legal Services Organization
127 Wall St.
New Haven, CT 06511
(203) 432-4800
*Christopher.Lasch@yale.edu*

*Counsel for Nonparties Junta for Progressive
Action, the Ecuadorian Civic Center of Danbury,
The Danbury Area Coalition for the Rights of
Immigrants, and Unidad Latina en Accion*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 9, 2009 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/

_____

Christopher Lasch, ct27139

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| JUAN BARRERA, JOSE CABRERA, DANIEL CHAVEZ, JOSE DUMA, JOSE LLIBISUPA, ISAAC MALDONADO, EDGAR REDROVAN, NICHOLAS SEGUNDO SANCHES, JUAN CARLOS SIMBANA, and DANILO BRITO VARGAS | CA No. 3:07-cv-01436-RNC |
| *Plaintiffs,* | April 9, 2009 |
| v. | |
| MARK BOUGHTON, ALAN BAKER, JOSE AGOSTO, RICHARD DEJESUS, JAMES FISHER, JAMES LALLI, CRAIG MARTIN, JOSEPH NORKUS, JOHN DOES, CITY OF DANBURY, RONALD PREBLE, RICHARD McAFFREY, JAMES BROWN, JOHN DOES and USA | |
| *Defendants* | |

# MEMORANDUM OF LAW IN SUPPORT OF
***MOTION OF NONPARTIES JUNTA FOR PROGRESSIVE ACTION, THE DANBURY AREA COALITION FOR THE RIGHTS OF IMMIGRANTS, THE ECUADORIAN CIVIC CENTER OF DANBURY, AND UNIDAD LATINA EN ACCION TO QUASH SUBPOENAS AND FOR A PROTECTIVE ORDER***

## I.     INTRODUCTION

Pursuant to Rules 26(b), 26(c) and 45(c) of the Federal Rules of Civil Procedure, non-party witnesses, JUNTA for Progressive Action ("JUNTA"), the Danbury Area Coalition for the Rights of Immigrants ("DACORIM"), The Ecuadorian Civic Center of Danbury ("Ecuadorian Civic Center"), and Unidad Latina en Accion ("ULA") (collectively, the "Movants"), respectfully request an order quashing the subpoenas served by Defendants Mark Boughton, Alan Baker, Jose Agosto, Richard Dejesus, James Fisher, James Lalli, Craig Martin, Joseph Norkus, and John Does (collectively, the "Defendants") on the Movants in the above-captioned matter [attached as Exhibits A-D] (hereinafter simply the "Subpoenas"), and a protective order prohibiting further discovery of the type requested in the Subpoenas.

## II.    LOCAL RULE CERTIFICATION

Pursuant to Rules 26(c)(1) and 37(a)(2)(B), the Movants, in good faith, have conferred with the Defendants to negotiate the Subpoenas.  Counsel for the Movants conferred telephonically with counsel for the Defendants on March 26, 2009, and April 8, 2009.  However, the Defendants would not agree to withdraw the Subpoenas served on the Movants, nor to delay the date for Movants' compliance indicated in the Subpoenas.  Because the Movants and Defendants were not able to reach an accord on the issues raised in the instant motion, the Movants respectfully seek relief from this Court.

## III.   RELEVANT FACTUAL BACKGROUND

On September 19, 2006, Defendants arrested Plaintiffs in an undercover sting operation designed to target day-laborers in the area of Kennedy Park in Danbury, Connecticut.  *See* Am. Compl. at ¶¶ 61-111. Plaintiffs brought the current suit to vindicate their constitutional and civil rights, alleging claims under the First, Fourth, Fifth and 14th Amendments of the Federal Constitution, and Article 1, §§ 4, 7, 8, 9, 20, of the Connecticut State Constitution.

2

In the aftermath of the Kennedy Park raid, there was, and continues to be, widespread public protest in response to the City of Danbury's anti-immigrant policies. For example, on February 7, 2008, thousands of people, presumably including many non-United States citizens, rallied in Danbury to protest the Danbury Common Council's decision to enter into a joint enforcement agreement with federal immigration authorities. Mark Spencer, Crowd Protests Vote in Danbury; Police to Enforce Immigration Law, Hartford Courant, Feb. 7, 2008, at A1.

The Movants, nonparty organizations subpoenaed by the Danbury Defendants, are small community groups that have had an active and vocal response to the City of Danbury's unlawful discrimination against immigrants. In December 2006, following the sting operation in Danbury, Movants filed an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory and injunctive relief to compel the disclosure of agency records improperly withheld from them by the United States Department of Homeland Security and its component Immigration and Customs Enforcement.

The Danbury Defendants seek now to subpoena these four community groups to testify and produce documents regarding the FOIA action – an action to which the Defendants were not a party and in which they have had no involvement.  This maneuver appears to be a thinly veiled attempt to use the present case as an opportunity to harass and punish the Movant community groups for their exercise of free speech in soliciting and disseminating information about the pattern of harassment of immigrants in the City of Danbury.

IV.    **ARGUMENT**

**THE SUBPOENAS SHOULD BE QUASHED BECAUSE THEY IMPOSE
AN UNDUE BURDEN ON ULA, JUNTA, ECC AND DACORIM.**

Pursuant to Fed. R. Civ. P. 45(c)(3), "the issuing court must quash or modify a subpoena that subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv).  To determine whether a subpoena imposes an undue burden on a third party, courts analyze several factors including

3

(1) the relevance of the requests; (2) the requesting party's need for the documents; (3) the breadth of the request; (4) the time period covered by the request; (5) the particularity of the documents described; (6) the expense and inconvenience of complying with the request; and (7) the burden imposed by the request. *See Travelers Indemnity Co. v. Metropolitan Life Insurance Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996). As shown below, these factors dictate that the Subpoenas should be quashed.

### 1. The Subpoenas are an Attempt to Chill the Groups' Constitutionally Protected Speech Rights.

Movant organizations are not parties to the present action, and have not been identified as witnesses by any party to the present action. Defendants already have or could easily obtain, from other sources, all of the relevant, existing documents and information that they now seek. It is evident that Defendants have issued the subpoenas in retaliation for the Movants' roles in seeking information and publicly advocating for broader protection of immigrant rights in the Danbury community. Indeed, Danbury Defendants' strategy of burdening the four Movant organizations with subpoenas resembles a Strategic Lawsuit Against Public Participation ("SLAPP" suit). The New York Court of Appeals described SLAPP suits in *600 West 115th Street Corp. v. Von Gutfeld,* 80 N.Y.2d 130 (1992), *cert den.,* 508 U.S. 910, 113 S.Ct. 2341, 124 L.Ed.2d 252 (1993), shortly after New York's SLAPP legislation was enacted. The court explained,

> In recent years, there has been a rising concern about the use of civil litigation, primarily defamation suits, to intimidate or silence those who speak out at public meetings . . . Termed SLAPP suits--strategic lawsuits against public participation--such actions are characterized as having little legal merit but are filed nonetheless to burden opponents with legal defense costs and the threat of liability and to discourage those who might wish to speak out in the future.

*600 West 115th Street,* 80 N.Y.2d at 138 n. 1 (emphasis added). Subsequently, at least twenty-six states have passed anti-SLAPP legislation. *See* The California Anti-SLAPP Project, "Other

4

States: Statutes and Cases," www.casp.net/statutes/menstate.html (last accessed April 8, 2009).

While Connecticut itself does not currently have such an act, SLAPP statutes are an embodiment

of broader constitutional principles that should be universally upheld within any jurisdiction in

the United States.   The introductory paragraph of New York's SLAPP statute, for example,

reads:

> The legislature hereby declares it the policy of the state that the rights of citizens to participate freely in the public process must be safeguarded with great diligence. The laws of the state must provide the utmost protection for the *free exercise of speech, petition and association rights, particularly where such rights are exercised in a public forum* with respect to issues of public concern.

1992 Sess.Law News of N.Y.Ch. 767 (A.4299) (McKinney's) (emphasis added).  SLAPP statutes

are geared towards protecting the First Amendment rights of parties opposing a government

action against those who would try to interfere with an individual or group's exercise of those

constitutional rights. *See, e.g.*, CPLR Commentary C3211:73. *See also Hotel St. George

Associates v. Morgenstern,* 819 F.Supp. 310, 323 n. 14 (S.D.N.Y.1993) (SLAPP suits are

recognized as "an egregious abuse of the judicial process which violates the fundamental rights

of those who become targets simply because they have exercised their right to petition"); Terry

Rice, *Legislation Provides Prompt Review of SLAPP Suits,* N.Y.L.J., December 13, 1993, p. 1,

Col. 1 ("By their nature, SLAPP suits run afoul of the 'right possessed by any citizen to express

his or her point of view to a government agency'") (quoting *Entertainment Partners Group, Inc.

v. Davis,* N.Y.L.J., June 26, 1991, p. 22, col 1 (Sup.Ct.1991)); *id.* ("All persons, regardless of

motive, are guaranteed by the First Amendment the right to seek to influence the government or

its officials to adopt a new policy") (quoting *Sierra Club v. Butz,* 349 F.Supp. 934, 937

(N.D.Cal.1972)).

   While Danbury Defendants have not actually initiated a separate lawsuit against the

Movants, their strategic behavior strongly resembles that of a SLAPP plaintiff, as they have

elected to use the discovery process to harass and punish community groups who have contested

the City of Danbury's immigration policies and taken measures to try to change them and expose the truth by seeking information through Freedom of Information Act requests. In this context, Defendants should be required to meet a heightened burden in demonstrating the utility of deposing and seeking document production from these nonparty organizations. In addition, because the discovery sought is unnecessary and duplicative, it is clear that Defendants' subpoenas constitute nothing more than an attempt to chill the First Amendment rights of the Movants to publically criticize the Defendants.

### 2.    Nonparties Enjoy Greater Protection from Discovery.

It is well established that nonparties to litigation are afforded greater protection from discovery than parties to a lawsuit. *See Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs."); *Travelers*, 228 F.R.D. at 113 ("[C]ourts also give special weight to the burden on non-parties of producing documents to parties involved in litigation."). Consequently, restrictions on discovery may be broader where the target of discovery is a nonparty. *See Dart Industries Co., Inc. v. Westwood Chemical Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980). Discovery, thus, should be limited, particularly when nonparties may be subjected to "harassment, inconvenience, or disclosure of confidential documents." *See id.* (quoting *Collins and Aikman Corp. v. J.P. Stevens & Co., Inc.*, 51 F.R.D. 219, 221 (D.S.C. 1971)). Courts then, when weighing the burdens imposed in complying with the subpoenas, consider the fact that the discovery is sought from a nonparty. *See Solarex Corp. v. Arco Solar, Inc.*, 121 F.R.D. 163, 179 (E.D.N.Y. 1988) (finding nonparty status is a significant factor in determining whether discovery is unduly burdensome). As such, the fact that Movants are not parties to this litigation should weigh heavily in favor of quashing the Subpoenas. This is especially so given the transparent retaliatory motivation behind the discovery sought. *See* Section 1, *supra.*

### 3. The Discovery Sought by the Subpoenas is Unnecessary and Duplicative.

The Federal Rules of Civil Procedure permit parties to a litigation to conduct discovery only to the extent that they seek information that "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). A court must limit the extent of discovery when it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). Courts conduct a balancing test to determine the reasonableness of the subpoena, and weigh the interests served by the subpoena against the interests furthered in quashing it. *Anker v. Searle*, 126 F.R.D. 515, 518 (M.D.N.C. 1989). Here, Defendants' Subpoenas seek unnecessary and duplicative information from Movants. The subpoenas seek to discover documents forming the basis for Movants' allegations (in Movants' separate FOIA lawsuit against the United States Department of Homeland Security) as to the City of Danbury's discriminatory targeting and harassment of the immigrant community. *See* Exhibits A-D. The discovery sought thus encompasses information about Mayor Boughton's public statements, various city ordinances, and public controversies over the presence of day laborers in Kennedy Park, much of which is readily available to Defendants from public sources, including extensive newspaper coverage of these topics. *See, e.g., Cohen v. City of New York*, 255 F.R.D. 110 (S.D.N.Y. 2008) (where a party to the litigation had identical copies of the documents that the non-party could produce, the non-party was not required to produce those documents).

Defendants already have or could easily obtain from other sources all of the relevant, existing documents and information that they now seek from four non-party organizational witnesses. Defendants' subpoena is therefore unnecessary and should be quashed.

7

### 4. The Subpoenas are Unduly Burdensome.

Courts must quash a subpoena when a non-party is subject to "undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). Requiring Movants—nonparties to this action—to comply with the Subpoenas is unduly burdensome as they are small non-profit community organizations with minimal resources, for whom compliance with the Subpoenas is a great burden. *See North Carolina Right to Life, Inc. v. Leake*, 231 F.R.D. 49, 52 (holding that burden subpoenas placed on non-profit organization with limited resources weighed in favor of quashing the subpoenas). It would place a significant burden on underfunded Movants—based in New Haven and Danbury—to travel to Stamford to provide deposition testimony and produce documents. This heavy burden placed on Movants is quite unnecessary because, as discussed above, Defendants can obtain the information sought through other sources.

Given the chilling, retaliatory quality of the discovery sought by Defendants, the limited resources of the Movants, and the fact that the deposition testimony and document production sought by the Defendants is entirely duplicative of information readily available to the Defendants, the Court should grant the Movants' motion to quash the Subpoenas. In the alternative, the Court should issue a protective order directing that Movants' depositions not be taken by the Defendants because the Defendants cannot show a demonstrable need for the testimony they seek that cannot be satisfied by another, far less burdensome source. Should the Court determine that some discovery is appropriate, Movants ask the Court to limit the discovery to the production of documents responsive to the Subpoenas.

## VI. CONCLUSION

For the foregoing reasons, the Movants respectfully request that the Court grants their motion to quash the Subpoenas pursuant to Fed. R. Civ. P. 45(c) and issue a protective order

8

prohibiting further discovery of the type requested in the Subpoenas pursuant to Fed. R. Civ. P. 26(c).

Dated: New Haven, Connecticut

April 9, 2009

/s/

_____

Christopher Lasch, ct27139
Jerome N. Frank Legal Services Organization
127 Wall St.
New Haven, CT 06511
(203) 432-4800

*Christopher.Lasch@yale.edu*

*Counsel for Nonparties Junta for Progressive Action, the Ecuadorian Civic Center of Danbury, The Danbury Area Coalition for the Rights of Immigrants, and Unidad Latina en Accion*

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2009 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/

_____

Christopher Lasch, ct27139

# EXHIBIT A

## Defendants' Subpoena to JUNTA For Progressive Action

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF       Connecticut

JUAN BARRERA, et al.

V.

MARK BOUGHTON, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 3:07cv01436(RNC)

TO:   JUNTA for Progressive Action
      169 Grand Avenue
      New Haven, CT 06513

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Ryan Ryan Deluca, LLP<br>707 Summer Street, Stamford, CT 06901 | DATE AND TIME<br>4/15/2009 10:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Notice of Deposition for list of documents to be produced at deposition.

| PLACE   Ryan Ryan Deluca, LLP<br>707 Summer Street, Stamford, CT 06901 | DATE AND TIME<br>4/15/2009 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*Attorney for Defendant* | DATE<br>2/25/2009 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Joseph J. Arcata, III, Ryan Ryan Deluca, LLP, 707 Summer Street, Stamford, CT 06901; (203) 357-9200 | |

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

AO88  (Rev.  12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                                    SIGNATURE OF SERVER

                                                            _____
                                                            ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).  The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved.  A receiving party may promptly present the information to the court under seal for a determination of the claim.  If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JUAN BARRERA, JOSE CABRERA, | : | |
| DANIEL CHAVEZ, JOSE DUMA, | : | |
| JOSE LLIBISUPA, ISAAC | : | |
| MALDONADO, EDGAR REDROVAN, | : | |
| NICHOLAS SEGUNDO SANCHEZ, | : | |
| JUAN CARLOS SIMBANA, and | : | CIVIL ACTION NO. 3:07cv01436(RNC) |
| DANILO BRITO VARGAS | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| V. | : | FEBRUARY 25, 2009 |
| | : | |
| MARK BOUGHTON, ALAN BAKER, | : | |
| JOSE AGOSTO, RICHARD DEJESUS, | : | |
| JAMES FISHER, JAMES LALLI, | : | |
| CRAIG MARTIN, JOSEPH NORKUS, | : | |
| JOHN DOES, CITY OF DANBURY, | : | |
| RONALD PREBLE, RICHARD | : | |
| McCAFFREY, JAMES BROWN, and | : | |
| JOHN DOES | : | |
| | : | |
| Defendants. | : | |

## NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE** that that pursuant to Fed.R.Civ.P. 30(b)(6), the Defendants,

Mark Boughton, Alan Baker, Jose Agosto, Richard Dejesus, James Fisher, James Lalli, Craig Martin,

Joseph Norkus, John Does, through counsel, will take the deposition of the **Junta for Progressive**

**Action, Inc.** regarding the matters set forth below for purposes of discovery and/or use at trial of this

matter on **April 15, 2009 at 10:00 a.m. at the offices of RYAN RYAN DELUCA LLP, 707**

**Summer Street, Stamford, CT 06901** before competent authority. In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, **Junta for Progressive Action, Inc.** shall designate one or more of its officers, directors, managing agents, or other persons who have the most knowledge of the facts and can testify as to the matters known or reasonably available to **Junta for Progressive Action, Inc.** with respect to each of the following topics listed below.

## TOPICS

1.    The December 14, 2006 Complaint filed in the United States District Court for the District of Connecticut, bearing Docket No. 3:07-cv-1992, against the U.S. Department of Homeland Security and the allegations set forth therein.

The witness is commanded to bring and have present at said deposition the following:

1.    Any and all documents or tangible things which substantiate the allegation that there was a "campaign by the Mayor and Police Department of Danbury, Connecticut to target and harass immigrant and Latino communities, " as alleged in the introductory paragraph of the December 14, 2006 Complaint;

2.    Any and all documents or tangible things which substantiate the allegation that "Mayor Boughton and the DPD have also systematically targeted immigrant communities through numerous policies including discriminatory enforcement of city ordinances, such as housing code and vehicle registration regulations, shutting down neighborhood volleyball games, encouraging police harassment of day

laborers, encouraging direct police enforcement of civil immigration laws upon stopping motorists for moving violations, and requesting from U.S. Senators and Representatives, as well as from ICE, federal assistance in enforcing immigration laws,"as alleged in paragraph 17 of the December 14, 2006 Complaint;

3.     "Any and all documents or tangible things which substantiate the allegation that "with Mayor Boughton's support, code inspectors have discriminatorily enforced Danbury's fire and building codes and parking regulations against Danbury's immigrant and Latino communities," as alleged in paragraph 18 of the December 14, 2006 Complaint;

4.     Any and all documents or tangible things which substantiate the allegation that "the purpose of [the April 2005 proposed] ordinance was to shut down the Ecuadorian community's volleyball games, " as alleged in paragraph 19 of the December 14, 2006 Complaint;

5.     Any and all documents or tangible things which substantiate the allegation that "Mayor Boughton also requested that the DPD aggressively police the volleyball games to achieve the same end," as alleged in paragraph 19 of the December 14, 2006 Complaint;

6.     Any and all documents or tangible things which substantiate the allegation that "the DPD has staged a number of traffic stops to investigate the immigration

status of Latino drivers," as alleged in paragraph 20 of the December 14, 2006

Complaint;

7.    Any and all documents or tangible things which substantiate the allegation that

"the DPD has also repeatedly harassed day laborers in Kennedy Park as they

gather to solicit employment," as alleged in paragraph 21 of the December 14,

2006 Complaint; and

8.    Any and all documents or tangible things which substantiate the allegation that

"the community is acutely aware that this campaign [to crack down on out-of-state

registrations] is actually designed to target immigrants," as alleged in paragraph

22 of the December 14, 2006 Complaint.


If this deposition is not commenced on this date, or if commenced but not completed on

this date, it shall be continued from day to day at such times as are agreeable to the parties until

completed.  A subpoena pursuant to Fed.R.Civ.P. 45 will be served upon the Junta for

Progressive Action requesting the above information.

THE DEFENDANTS,
MARK BOUGHTON, ALAN BAKER, JOSE
AGOSTO, RICHARD DEJESUS, JAMES
FISHER, JAMES LALLI, CRAIG MARTIN,
JOSEPH NORKUS, JOHN DOES


By:_____/s/_____
    Joseph J. Arcata, III, Esq., (CT 27104)
    Ryan Ryan Deluca, LLP
    707 Summer Street
    Stamford, CT   06901
    Phone No. 203-357-9200

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2009, a copy of the above was electronically sent to

the following counsel and pro se parties of record:

Michael J. Wishnie, Esq.
Jerome N. Frank Legal Services Organization
Yale Law School
Post Office Box 209090
127 Wall Street
New Haven, CT 06520-9090
Attorney for Plaintiffs, Juan Barrera, Jose Cabrera, Daniel Chavez, Jose Duma, Jose Llibisupa,
Isaac Maldonado,

Daniel Casagrande, Esq.
Cramer & Anderson, LLP
30 Main Street
Danbury, CT 06810
Attorney for Defendant, City of Danbury

Douglas P. Morabito, Esq.
Michelle McConaghy, Esq.
U.S. Attorneys Office - New Haven
157 Church Street, 23rd Floor
New Haven, CT 06510
Attorney for Defendants, Ronald Preble, Richard McCaffrey, James Brown, USA, John Does

_____/s/_____
Joseph J. Arcata, III, Esq.

I:\procases\415.027\Depos of Parties to FOIA Action\depo Junta Progressive Action022409.wpd
415.027

**UNITED STATES DISTRICT COURT**
**District of Connecticut**



112656

**RETURN OF SERVICE**

Case No. : **3:07CV01436(RNC)**

| Plaintiff(s): | **Juan Barrera, et al** |
| Defendant(s): | **Mark Boughton. et al** |

STATE OF CONNECTICUT
COUNTY OF HARTFORD          ss.:

**Daniel Russbach**, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the state of Connecticut.

On **03/04/2009** at **3:26 PM**, I served the within **Subpoena In A Civil Case; Notice of Deposition together with a witness fee in the amount of $51.00** on **JUNTA for Progressive Action** (hereinafter known as Recipient) at **169 Grand Ave, New Haven, CT 06513** in the manner indicated below:

By delivering a true copy of each to **Cheila Serrano, Supervisor** of **JUNTA for Progressive Action**.

A description of the Recipient, or other person served on behalf of the Recipient is as follows:

| Sex | Color of skin | Color of hair | Age | Height | Weight |
|---|---|---|---|---|---|
| **Female** | **Hispanic** | **Black** | **32** | **5'9"** | **135** |
| Other Features: | | | | | |

ATTEST:

X Daniel Russbach

| | |
|---|---|
| Service of Process – Routine | $50.00 |
| Witness Fees | $51.00 |
| Additional Check Fee | $5.00 |
| **TOTAL:** | **$106.00** |

Daniel Russbach
Connecticut Process Serving, LLC
9 Beaumont Street
East Hartford, CT 06108
888.528.2920

---

**JUNTA FOR PROGRESSIVE ACTION, INC.**

**Gloria Schoenthal**
Administrative Assistant

169 Grand Avenue
New Haven, CT 06513

Phone: 203.787.0191, ext.13
Fax: 203.787.4934
Email: gloria.schoenthal@juntainc.org
www.juntainc.org



# EXHIBIT B

## Defendants' Subpoena to The Danbury Area Coalition for the Rights of Immigrants

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF      Connecticut

JUAN BARRERA, et al.

V.

MARK BOUGHTON, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  3:07cv01436(RNC)

TO:   Danbury Area Coalition for the Rights of Immigrants
     Danbury, CT

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Ryan Ryan Deluca, LLP <br> 707 Summer Street, Stamford, CT 06901 | DATE AND TIME <br> 4/13/2009 10:00 am |
|---|---|

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Notice of Deposition for list of documents to be produced at deposition.

| PLACE     Ryan Ryan Deluca, LLP <br> 707 Summer Street, Stamford, CT 06901 | DATE AND TIME <br> 4/13/2009 10:00 am |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *Attorney for Defendant* | DATE <br> 2/25/2009 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER <br> Joseph J. Arcata, III, Ryan Ryan Deluca, LLP, 707 Summer Street, Stamford, CT 06901; (203) 357-9200 | |

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                    DATE                              SIGNATURE OF SERVER

                                                      _____
                                                      ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JUAN BARRERA, JOSE CABRERA, DANIEL CHAVEZ, JOSE DUMA, JOSE LLIBISUPA, ISAAC MALDONADO, EDGAR REDROVAN, NICHOLAS SEGUNDO SANCHEZ, JUAN CARLOS SIMBANA, and DANILO BRITO VARGAS | : : : : : : : : : | CIVIL ACTION NO. 3:07cv01436(RNC) |
| Plaintiffs, | : : | |
| V. | : : | FEBRUARY 25, 2009 |
| MARK BOUGHTON, ALAN BAKER, JOSE AGOSTO, RICHARD DEJESUS, JAMES FISHER, JAMES LALLI, CRAIG MARTIN, JOSEPH NORKUS, JOHN DOES, CITY OF DANBURY, RONALD PREBLE, RICHARD McCAFFREY, JAMES BROWN, and JOHN DOES | : : : : : : : : : : : | |
| Defendants. | : : | |

## NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE** that that pursuant to Fed.R.Civ.P. 30(b)(6), the Defendants,

Mark Boughton, Alan Baker, Jose Agosto, Richard Dejesus, James Fisher, James Lalli, Craig Martin,

Joseph Norkus, John Does, through counsel, will take the deposition of the **Danbury Area**

**Coalition for the Rights of Immigrants** regarding the matters set forth below for purposes of

discovery and/or use at trial of this matter on **April 13, 2009 at 10:00 a.m. at the offices of RYAN**

**RYAN DELUCA LLP, 707 Summer Street, Stamford, CT 06901** before competent authority.

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, **Danbury Area Coalition for the Rights of Immigrants** shall designate one or more of its officers, directors, managing agents, or other persons who have the most knowledge of the facts and can testify as to the matters known or reasonably available to **Danbury Area Coalition for the Rights of Immigrants** with respect to each of the following topics listed below.

<u>**TOPICS**</u>

1.  The December 14, 2006 Complaint filed in the United States District Court for the District of Connecticut, bearing Docket No. 3:07-cv-1992, against the U.S. Department of Homeland Security and the allegations set forth therein.

The witness is commanded to bring and have present at said deposition the following:

1.  Any and all documents or tangible things which substantiate the allegation that there was a "campaign by the Mayor and Police Department of Danbury, Connecticut to target and harass immigrant and Latino communities, " as alleged in the introductory paragraph of the December 14, 2006 Complaint;

2.  Any and all documents or tangible things which substantiate the allegation that "Mayor Boughton and the DPD have also systematically targeted immigrant communities through numerous policies including discriminatory enforcement of city ordinances, such as housing code and vehicle registration regulations, shutting

down neighborhood volleyball games, encouraging police harassment of day laborers, encouraging direct police enforcement of civil immigration laws upon stopping motorists for moving violations, and requesting from U.S. Senators and Representatives, as well as from ICE, federal assistance in enforcing immigration laws,"as alleged in paragraph 17 of the December 14, 2006 Complaint;

3.   Any and all documents or tangible things which substantiate the allegation that "with Mayor Boughton's support, code inspectors have discriminatorily enforced Danbury's fire and building codes and parking regulations against Danbury's immigrant and Latino communities," as alleged in paragraph 18 of the December 14, 2006 Complaint;

4.   Any and all documents or tangible things which substantiate the allegation that "the purpose of [the April 2005 proposed] ordinance was to shut down the Ecuadorian community's volleyball games, " as alleged in paragraph 19 of the December 14, 2006 Complaint;

5.   Any and all documents or tangible things which substantiate the allegation that "Mayor Boughton also requested that the DPD aggressively police the volleyball games to achieve the same end," as alleged in paragraph 19 of the December 14, 2006 Complaint;

6.   Any and all documents or tangible things which substantiate the allegation that "the DPD has staged a number of traffic stops to investigate the immigration

status of Latino drivers," as alleged in paragraph 20 of the December 14, 2006

Complaint;

7.      Any and all documents or tangible things which substantiate the allegation that

"the DPD has also repeatedly harassed day laborers in Kennedy Park as they

gather to solicit employment," as alleged in paragraph 21 of the December 14,

2006 Complaint; and

8.      Any and all documents or tangible things which substantiate the allegation that

"the community is acutely aware that this campaign [to crack down on out-of-state

registrations] is actually designed to target immigrants," as alleged in paragraph

22 of the December 14, 2006 Complaint.


If this deposition is not commenced on this date, or if commenced but not completed on

this date, it shall be continued from day to day at such times as are agreeable to the parties until

completed.  A subpoena pursuant to Fed.R.Civ.P. 45 will be served upon Danbury Area

Coalition for the Rights of Immigrants requesting the above information.

THE DEFENDANTS,
MARK BOUGHTON, ALAN BAKER, JOSE
AGOSTO, RICHARD DEJESUS, JAMES
FISHER, JAMES LALLI, CRAIG MARTIN,
JOSEPH NORKUS, JOHN DOES

By:_____/s/_____
    Joseph J. Arcata, III, Esq., (CT 27104)
    Ryan Ryan Deluca, LLP
    707 Summer Street
    Stamford, CT 06901
    Phone No. 203-357-9200

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2009, a copy of the above was electronically sent to

the following counsel and pro se parties of record:

Michael J. Wishnie, Esq.
Jerome N. Frank Legal Services Organization
Yale Law School
Post Office Box 209090
127 Wall Street
New Haven, CT 06520-9090
Attorney for Plaintiffs, Juan Barrera, Jose Cabrera, Daniel Chavez, Jose Duma, Jose Llibisupa,
Isaac Maldonado,

Daniel Casagrande, Esq.
Cramer & Anderson, LLP
30 Main Street
Danbury, CT 06810
Attorney for Defendant, City of Danbury

Douglas P. Morabito, Esq.
Michelle McConaghy, Esq.
U.S. Attorneys Office - New Haven
157 Church Street, 23rd Floor
New Haven, CT 06510
Attorney for Defendants, Ronald Preble, Richard McCaffrey, James Brown, USA, John Does

_____/s/_____
Joseph J. Arcata, III, Esq.

**UNITED STATES DISTRICT COURT**
**District of Connecticut**



**112657**

**RETURN OF NON−SERVICE**

Case No. : **3:07CV01436(RNC)**

| | |
|---|---|
| Plaintiff(s): | **Juan Barrera, et al** |
| Defendant(s): | **Mark Boughton. et al** |

STATE OF CONNECTICUT
HARTFORD COUNTY          ss.:

**Eric Rubin**, the undersigned, certify that I was at the time of attempting service over the age of eighteen and not a party to this action. I reside in the state of Connecticut.

On **03/04/2009** at **4:16 PM**, I am returning the **Subpoena In A Civil Case; Notice of Deposition** NOT SERVED on **Danbury Area Coalition for the Rights of Immigrants** for the reason(s) indicated below:

**At the provided location of 9 Marldon Road, Brookfield, I spoke with the Subject's mother and sister who stated the Subject moved to Albany New York a couple of years ago. Neither the mother nor the sister work for the organization.**

ATTEST:

X _____
Eric Rubin

Service of Process − Routine          $59.00

**TOTAL:**          **$59.00**

Connecticut Process Serving, LLC
9 Beaumont Street
East Hartford,CT 06108
888.528.2920
Atty File#:

**UNITED STATES DISTRICT COURT**
**District of Connecticut**



**112818**

**RETURN OF SERVICE**

Case No. : **3:07CV01436(RNC)**

| | |
|---|---|
| Plaintiff(s): | **Juan Barrera, et al** |
| Defendant(s): | **Mark Boughton. et al** |

STATE OF CONNECTICUT
HARTFORD COUNTY      ss.:

**Eric Rubin**, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the state of Connecticut.

On **03/14/2009** at **7:25 PM**, I served the within **Subpoena In A Civil Case; Notice of Deposition together with a witness fee in the amount of $47.00** on **Danbury Area Coalition for the Rights of Immigrants (hereinafter known as Recipient)** at **c/o Lionel Villavicencio, President, 17 Topstone Drive, Danbury, CT 06810** in the manner indicated below:

By delivering a true copy of each to **Lionel Villavicencio, President** of **Danbury Area Coalition for the Rights of Immigrants**.

A description of the Recipient, or other person served on behalf of the Recipient is as follows:

| Sex | Color of skin | Color of hair | Age | Height | Weight |
|---|---|---|---|---|---|
| **Male** | **Hispanic** | **Black/Balding** | **65** | **5'8"** | **160** |
| Other Features: | | | | | |

ATTEST:

| | |
|---|---|
| Service of Process – Routine | $59.00 |
| Witness Fees | $47.00 |
| **TOTAL:** | **$106.00** |

X
Eric Rubin
Connecticut Process Serving, LLC
9 Beaumont Street
East Hartford, CT 06108
888.528.2920

# EXHIBIT C

## Defendants' Subpoena to The Ecuadorian Civic Center of Danbury

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF        Connecticut

JUAN BARRERA, et al.

V.

MARK BOUGHTON, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   3:07cv01436(RNC)

TO:   Ecuadorian Civic Center of Danbury
      240 Main Street
      Danbury, Connecticut 06810

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Ryan Ryan Deluca, LLP<br>707 Summer Street, Stamford, CT 06901 | DATE AND TIME<br>4/14/2009 10:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Notice of Deposition for list of documents to be produced at deposition.

| PLACE    Ryan Ryan Deluca, LLP<br>707 Summer Street, Stamford, CT 06901 | DATE AND TIME<br>4/14/2009 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    *Attorney for Defendant* | DATE<br>2/25/2009 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Joseph J. Arcata, III, Esq., Ryan Ryan Deluca, LLP, 707 Summer Street, Stamford, CT 06901; (203) 357-9200

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

AO88 (Rev. 12/06) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____

DATE        SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JUAN BARRERA, JOSE CABRERA, | : | |
| DANIEL CHAVEZ, JOSE DUMA, | : | |
| JOSE LLIBISUPA, ISAAC | : | |
| MALDONADO, EDGAR REDROVAN, | : | |
| NICHOLAS SEGUNDO SANCHEZ, | : | |
| JUAN CARLOS SIMBANA, and | : | CIVIL ACTION NO. 3:07cv01436(RNC) |
| DANILO BRITO VARGAS | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| V. | : | FEBRUARY 25, 2009 |
| | : | |
| MARK BOUGHTON, ALAN BAKER, | : | |
| JOSE AGOSTO, RICHARD DEJESUS, | : | |
| JAMES FISHER, JAMES LALLI, | : | |
| CRAIG MARTIN, JOSEPH NORKUS, | : | |
| JOHN DOES, CITY OF DANBURY, | : | |
| RONALD PREBLE, RICHARD | : | |
| McCAFFREY, JAMES BROWN, and | : | |
| JOHN DOES | : | |
| | : | |
| Defendants. | : | |

## NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE** that that pursuant to Fed.R.Civ.P. 30(b)(6), the Defendants,

Mark Boughton, Alan Baker, Jose Agosto, Richard Dejesus, James Fisher, James Lalli, Craig Martin,

Joseph Norkus, John Does, through counsel, will take the deposition of the **Ecuadorian Civic**

**Center of Danbury** regarding the matters set forth below for purposes of discovery and/or use at

trial of this matter on **April 14, 2009 at 10:00 a.m. at the offices of RYAN RYAN DELUCA LLP,**

**707 Summer Street, Stamford, CT 06901** before competent authority. In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, **Ecuadorian Civic Center of Danbury** shall designate one or more of its officers, directors, managing agents, or other persons who have the most knowledge of the facts and can testify as to the matters known or reasonably available to **Ecuadorian Civic Center of Danbury** with respect to each of the following topics listed below.

**TOPICS**

1.   The December 14, 2006 Complaint filed in the United States District Court for the District of Connecticut, bearing Docket No. 3:07-cv-1992, against the U.S. Department of Homeland Security and the allegations set forth therein.

The witness is commanded to bring and have present at said deposition the following:

1.   Any and all documents or tangible things which substantiate the allegation that there was a "campaign by the Mayor and Police Department of Danbury, Connecticut to target and harass immigrant and Latino communities, " as alleged in the introductory paragraph of the December 14, 2006 Complaint;

2.   Any and all documents or tangible things which substantiate the allegation that "Mayor Boughton and the DPD have also systematically targeted immigrant communities through numerous policies including discriminatory enforcement of city ordinances, such as housing code and vehicle registration regulations, shutting down neighborhood volleyball games, encouraging police harassment of day

laborers, encouraging direct police enforcement of civil immigration laws upon stopping motorists for moving violations, and requesting from U.S. Senators and Representatives, as well as from ICE, federal assistance in enforcing immigration laws,"as alleged in paragraph 17 of the December 14, 2006 Complaint;

3.      Any and all documents or tangible things which substantiate the allegation that "with Mayor Boughton's support, code inspectors have discriminatorily enforced Danbury's fire and building codes and parking regulations against Danbury's immigrant and Latino communities," as alleged in paragraph 18 of the December 14, 2006 Complaint;

4.      Any and all documents or tangible things which substantiate the allegation that "the purpose of [the April 2005 proposed] ordinance was to shut down the Ecuadorian community's volleyball games, " as alleged in paragraph 19 of the December 14, 2006 Complaint;

5.      Any and all documents or tangible things which substantiate the allegation that "Mayor Boughton also requested that the DPD aggressively police the volleyball games to achieve the same end," as alleged in paragraph 19 of the December 14, 2006 Complaint;

6.      Any and all documents or tangible things which substantiate the allegation that "the DPD has staged a number of traffic stops to investigate the immigration

status of Latino drivers," as alleged in paragraph 20 of the December 14, 2006

Complaint;

7.    Any and all documents or tangible things which substantiate the allegation that

"the DPD has also repeatedly harassed day laborers in Kennedy Park as they

gather to solicit employment," as alleged in paragraph 21 of the December 14,

2006 Complaint; and

8.    Any and all documents or tangible things which substantiate the allegation that

"the community is acutely aware that this campaign [to crack down on out-of-state

registrations] is actually designed to target immigrants," as alleged in paragraph

22 of the December 14, 2006 Complaint.

If this deposition is not commenced on this date, or if commenced but not completed on

this date, it shall be continued from day to day at such times as are agreeable to the parties until

completed. A subpoena pursuant to Fed.R.Civ.P. 45 will be served upon Ecuadorain Civic

Center of Danbury requesting the above information.

THE DEFENDANTS,
MARK BOUGHTON, ALAN BAKER, JOSE
AGOSTO, RICHARD DEJESUS, JAMES
FISHER, JAMES LALLI, CRAIG MARTIN,
JOSEPH NORKUS, JOHN DOES


By:_____ ____/s/_____
    Joseph J. Arcata, III, Esq., (CT 27104)
    Ryan Ryan Deluca, LLP
    707 Summer Street
    Stamford, CT   06901
    Phone No. 203-357-9200

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2009, a copy of the above was electronically sent to the following counsel and pro se parties of record:

Michael J. Wishnie, Esq.
Jerome N. Frank Legal Services Organization
Yale Law School
Post Office Box 209090
127 Wall Street
New Haven, CT 06520-9090
Attorney for Plaintiffs, Juan Barrera, Jose Cabrera, Daniel Chavez, Jose Duma, Jose Llibisupa, Isaac Maldonado,

Daniel Casagrande, Esq.
Cramer & Anderson, LLP
30 Main Street
Danbury, CT 06810
Attorney for Defendant, City of Danbury

Douglas P. Morabito, Esq.
Michelle McConaghy, Esq.
U.S. Attorneys Office - New Haven
157 Church Street, 23rd Floor
New Haven, CT 06510
Attorney for Defendants, Ronald Preble, Richard McCaffrey, James Brown, USA, John Does

_____/s/_____
Joseph J. Arcata, III, Esq.

**UNITED STATES DISTRICT COURT**
**District of Connecticut**



**112655**

**RETURN OF SERVICE**

Case No. : **3:07CV01436(RNC)**

| Plaintiff(s): | **Juan Barrera, et al** |
|---|---|
| Defendant(s): | **Mark Boughton. et al** |

STATE OF CONNECTICUT
HARTFORD COUNTY      ss.:

**Eric Rubin**, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the state of Connecticut.

On **03/03/2009** at **7:50 PM**, I served the within **Subpoena In A Civil Case; Notice of Deposition together with a witness fee in the amount of $46.00** on **Ecuadorian Civic Center of Danbury (hereinafter known as Recipient)** at **240 Main Street, Danbury, CT 06810** in the manner indicated below:

By delivering a true copy of each to **Veronica Beltran, Secretary** of **Ecuadorian Civic Center of Danbury**.

A description of the Recipient, or other person served on behalf of the Recipient is as follows:

| Sex | Color of skin | Color of hair | Age | Height | Weight |
|---|---|---|---|---|---|
| **Female** | **Hispanic** | **Brown** | **26** | **5'3"** | **120** |
| Other Features: | | | | | |

ATTEST:

| Service of Process – Routine | $50.00 |
|---|---|
| Witness Fees | $46.00 |
| Additional Check Fee | $5.00 |
| Second Address | $35.00 |

**TOTAL:**                **$136.00**

X _____
Eric Rubin
Connecticut Process Serving, LLC
9 Beaumont Street
East Hartford,CT 06108
888.528.2920

# EXHIBIT D

# Defendants' Subpoena to Unidad Latina en Accion

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF      Connecticut

| | |
|---|---|
| JUAN BARRERA, et al.<br><br>V.<br><br>MARK BOUGHTON, et al. | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1] 3:07cv01436(RNC) |

TO:   Unidad Latina en Accion
       New Haven, CT

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Ryan Ryan Deluca, LLP<br>                     707 Summer Street, Stamford, CT 06901 | DATE AND TIME<br>4/16/2009 10:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Notice of Deposition for list of documents to be produced at deposition.

| PLACE    Ryan Ryan Deluca, LLP<br>              707 Summer Street, Stamford, CT 06901 | DATE AND TIME<br>4/16/2009 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*Attorney for Defendant* | DATE<br><br>2/25/2009 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Joseph J. Arcata, III, Esq., Ryan Ryan Deluca, LLP, 707 Summer Street, Stamford, CT 06901; (203) 357-9200 | |

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER
_____

ADDRESS OF SERVER
_____

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JUAN BARRERA, JOSE CABRERA, DANIEL CHAVEZ, JOSE DUMA, JOSE LLIBISUPA, ISAAC MALDONADO, EDGAR REDROVAN, NICHOLAS SEGUNDO SANCHEZ, JUAN CARLOS SIMBANA, and DANILO BRITO VARGAS | : : : : : : : : : | CIVIL ACTION NO. 3:07cv01436(RNC) |
| Plaintiffs, | : : | |
| V. | : : | FEBRUARY 25, 2009 |
| | : | |
| MARK BOUGHTON, ALAN BAKER, JOSE AGOSTO, RICHARD DEJESUS, JAMES FISHER, JAMES LALLI, CRAIG MARTIN, JOSEPH NORKUS, JOHN DOES, CITY OF DANBURY, RONALD PREBLE, RICHARD McCAFFREY, JAMES BROWN, and JOHN DOES | : : : : : : : : : : | |
| Defendants. | : : | |

## **NOTICE OF DEPOSITION**

**PLEASE TAKE NOTICE** that that pursuant to Fed.R.Civ.P. 30(b)(6), the Defendants,

Mark Boughton, Alan Baker, Jose Agosto, Richard Dejesus, James Fisher, James Lalli, Craig Martin,

Joseph Norkus, John Does, through counsel, will take the deposition of **Unidad Latina en Acción**

regarding the matters set forth below for purposes of discovery and/or use at trial of this matter on

**April 16, 2009 at 10:00 a.m. at the offices of RYAN RYAN DELUCA LLP, 707 Summer Street,**

**Stamford, CT 06901** before competent authority. In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, **Unidad Latina en Acción** shall designate one or more of its officers, directors, managing agents, or other persons who have the most knowledge of the facts and can testify as to the matters known or reasonably available to **Unidad Latina en Acción** with respect to each of the following topics listed below.

**TOPICS**

1.   The December 14, 2006 Complaint filed in the United States District Court for the District of Connecticut, bearing Docket No. 3:07-cv-1992, against the U.S. Department of Homeland Security and the allegations set forth therein.

The witness is commanded to bring and have present at said deposition the following:

1.   Any and all documents or tangible things which substantiate the allegation that there was a "campaign by the Mayor and Police Department of Danbury, Connecticut to target and harass immigrant and Latino communities, " as alleged in the introductory paragraph of the December 14, 2006 Complaint;

2.   Any and all documents or tangible things which substantiate the allegation that "Mayor Boughton and the DPD have also systematically targeted immigrant communities through numerous policies including discriminatory enforcement of city ordinances, such as housing code and vehicle registration regulations, shutting down neighborhood volleyball games, encouraging police harassment of day

laborers, encouraging direct police enforcement of civil immigration laws upon stopping motorists for moving violations, and requesting from U.S. Senators and Representatives, as well as from ICE, federal assistance in enforcing immigration laws,"as alleged in paragraph 17 of the December 14, 2006 Complaint;

3.    Any and all documents or tangible things which substantiate the allegation that "with Mayor Boughton's support, code inspectors have discriminatorily enforced Danbury's fire and building codes and parking regulations against Danbury's immigrant and Latino communities," as alleged in paragraph 18 of the December 14, 2006 Complaint;

4.    Any and all documents or tangible things which substantiate the allegation that "the purpose of [the April 2005 proposed] ordinance was to shut down the Ecuadorian community's volleyball games, " as alleged in paragraph 19 of the December 14, 2006 Complaint;

5.    Any and all documents or tangible things which substantiate the allegation that "Mayor Boughton also requested that the DPD aggressively police the volleyball games to achieve the same end," as alleged in paragraph 19 of the December 14, 2006 Complaint;

6.    Any and all documents or tangible things which substantiate the allegation that "the DPD has staged a number of traffic stops to investigate the immigration

status of Latino drivers," as alleged in paragraph 20 of the December 14, 2006

Complaint;

7.      Any and all documents or tangible things which substantiate the allegation that

"the DPD has also repeatedly harassed day laborers in Kennedy Park as they

gather to solicit employment," as alleged in paragraph 21 of the December 14,

2006 Complaint; and

8.      Any and all documents or tangible things which substantiate the allegation that

"the community is acutely aware that this campaign [to crack down on out-of-state

registrations] is actually designed to target immigrants," as alleged in paragraph

22 of the December 14, 2006 Complaint.


If this deposition is not commenced on this date, or if commenced but not completed on

this date, it shall be continued from day to day at such times as are agreeable to the parties until

completed.  A subpoena pursuant to Fed.R.Civ.P. 45 will be served upon the Unidad Latina en

Accion requesting the above information.

THE DEFENDANTS,
MARK BOUGHTON, ALAN BAKER, JOSE
AGOSTO, RICHARD DEJESUS, JAMES
FISHER, JAMES LALLI, CRAIG MARTIN,
JOSEPH NORKUS, JOHN DOES


By:_____/s/_____
        Joseph J. Arcata, III, Esq., (CT 27104)
        Ryan Ryan Deluca, LLP
        707 Summer Street
        Stamford, CT   06901
        Phone No. 203-357-9200

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2009, a copy of the above was electronically sent to

the following counsel and pro se parties of record:

Michael J. Wishnie, Esq.
Jerome N. Frank Legal Services Organization
Yale Law School
Post Office Box 209090
127 Wall Street
New Haven, CT 06520-9090
Attorney for Plaintiffs, Juan Barrera, Jose Cabrera, Daniel Chavez, Jose Duma, Jose Llibisupa,
Isaac Maldonado,

Daniel Casagrande, Esq.
Cramer & Anderson, LLP
30 Main Street
Danbury, CT 06810
Attorney for Defendant, City of Danbury

Douglas P. Morabito, Esq.
Michelle McConaghy, Esq.
U.S. Attorneys Office - New Haven
157 Church Street, 23rd Floor
New Haven, CT 06510
Attorney for Defendants, Ronald Preble, Richard McCaffrey, James Brown, USA, John Does

_____/s/_____
Joseph J. Arcata, III, Esq.

1:\procases\415.027\Depos of Parties to FOIA Action\depo Unidad Latina en Acción 022409.wpd
415.027

**UNITED STATES DISTRICT COURT**
**District of Connecticut**



**112658**

**RETURN OF SERVICE**

Case No. : **3:07CV01436(RNC)**

| | |
|---|---|
| Plaintiff(s): | **Juan Barrera, et al** |
| Defendant(s): | **Mark Boughton. et al** |

STATE OF CONNECTICUT
COUNTY OF HARTFORD          ss.:

**Daniel Russbach**, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the state of Connecticut.

On **03/06/2009** at **1:58 PM**, I served the within **Subpoena In A Civil Case; Notice of Deposition together with a witness fee in the amount of $51.00** on **Unidad Latina en Accion (hereinafter known as Recipient)** at c/o John Jairo Lugo, 32 Elm Street, New Haven, CT 06511 in the manner indicated below:

By delivering a true copy of each to **John Jairo Lugo,** of **Unidad Latina en Accion**.

A description of the Recipient, or other person served on behalf of the Recipient is as follows:

| Sex | Color of skin | Color of hair | Age | Height | Weight |
|---|---|---|---|---|---|
| **Male** | **Hispanic** | **Black** | **35** | **5'7"** | **145** |
| Other Features: **Heavy Beard** | | | | | |

ATTEST:

X _Daniel Reessbach_

Daniel Russbach
Connecticut Process Serving, LLC
9 Beaumont Street
East Hartford,CT 06108
888.528.2920

| | |
|---|---|
| Service of Process − Routine | $59.00 |
| Witness Fees | $51.00 |
| Additional Check Fee | $5.00 |
| Second Serve Same Address | $35.00 |
| **TOTAL:** | **$150.00** |

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JUAN BARRERA, JOSE CABRERA,
DANIEL CHAVEZ, JOSE DUMA, JOSE
LLIBISUPA, ISAAC MALDONADO,
EDGAR REDROVAN, NICHOLAS
SEGUNDO SANCHES, JUAN CARLOS
SIMBANA, and DANILO BRITO VARGAS
        *Plaintiffs,*

    v.

MARK BOUGHTON, ALAN BAKER,
JOSE AGOSTO, RICHARD DEJESUS,
JAMES FISHER, JAMES LALLI, CRAIG
MARTIN, JOSEPH NORKUS, JOHN DOES,
CITY OF DANBURY, RONALD PREBLE,
RICHARD McAFFREY, JAMES BROWN,
JOHN DOES and USA
        *Defendants*

CA No. 3:07-cv-01436-RNC

April 9, 2009

## ORDER ON
### *MOTION OF NONPARTIES JUNTA FOR PROGRESSIVE ACTION, THE DANBURY AREA COALITION FOR THE RIGHTS OF IMMIGRANTS, THE ECUADORIAN CIVIC CENTER OF DANBURY, AND UNIDAD LATINA EN ACCION TO QUASH SUBPOENAS AND FOR A PROTECTIVE ORDER*

        The non-party witnesses JUNTA for Progressive Action, the Danbury Area Coalition for the Rights of Immigrants, The Ecuadorian Civic Center of Danbury, and Unidad Latina en Accion, having requested an order quashing the subpoenas served upon them by Defendants Mark Boughton, Alan Baker, Jose Agosto, Richard Dejesus, James Fisher, James Lalli, Craig Martin, Joseph Norkus, and John Does, and this Court being otherwise sufficiently advised,

        **IT IS HEREBY ORDERED** that the aforementioned subpoenas are quashed.

        **SO ORDERED THIS _____ DAY OF _____ 2009.**

                                 _____
                                 UNITED STATES DISTRICT COURT