# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JUAN BARRERA, JOSÉ CABRERA | : | |
| DANIEL CHAVEZ, JOSÉ DUMA, | : | |
| JOSÉ LLIBISUPA, ISAAC | : | |
| MALDONADO, EDGAR REDROVAN, | : | |
| NICHOLAS SEGUNDO SANCHEZ, | : | CIVIL ACTION NO. |
| JUAN CARLOS SIMBAÑA, and | : | 3:07-cv-01436-RNC |
| DANILO BRITO VARGAS, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | April 10, 2009 |
| | : | |
| MARK BOUGHTON, ALAN BAKER, | : | |
| JOSÉ AGOSTO, RICHARD DEJUSUS, | : | |
| JAMES A. FISHER, JAMES LALLI, | : | |
| CRAIG MARTIN, JOSEPH NORKUS, | : | |
| JOHN DOES, CITY OF DANBURY, | : | |
| JAMES BROWN, RICHARD | : | |
| MCCAFFREY, RONALD PREBLE, | : | |
| JOHN DOES AND the UNITED STATES, | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF PROTECTIVE ORDER PURSUANT TO LOCAL RULE 37(b)

Concise Statement of the Case

This case stems from a complaint brought by nine residents of Connecticut against federal government and Danbury defendants. The complaint alleges numerous violations of Plaintiffs' civil rights. The violations claimed by Plaintiffs fall into three general areas: illegal arrest and detention; First Amendment violations; and Equal Protection violations.

Opposed Discovery

Plaintiffs oppose all discovery requests issued to Plaintiffs that implicates their immigration status or alienage. Opposition to such requests is based on the reasons set forth in Plaintiffs' attached Memorandum of Law in Support of Motion for Protective Order.

Both State and Federal Defendants have already made discovery requests specifically intended to recover information about Plaintiffs' immigration status. Each of these requests is attached herein, and summarized as follows.

On March 16, 2009, Federal Defendants sent Requests for Admission to Plaintiffs. *See* Federal Defendants' First Set of Requests for Admission, attached as Exhibit S. Numbers 1-3 read:

"1. Admit that plaintiff is illegally present in the United States.

2. Admit that plaintiff entered the United States without inspection by an immigration official.

3. Admit that plaintiff entered the United States through use of fraudulent or false documents."

*Id.* at 1. Numbers 4, 5, 6, 9, 10, 11, 16, 17 and 35 seek further admissions from Plaintiffs regarding immigration status. *Id.* At 1- 4.

Federal Defendants' Request for Production, dated March 16, 2009, similarly requests documents implicating Plaintiffs' immigration status and alienage. *See* Federal Defendants' First Set of Requests for Production, attached as Exhibit T. Requests 8, 9, 10, 15, 16, 17, 18, 20 and 39 request these documents, and again, are in the minority of

questions which do not make any reference whatsoever to the allegations in the complaint. *Id. at* 7 – 9, 13.

Federal Defendants propounded 92 interrogatories on February 26, 2009 (not including sub-parts of questions) on Plaintiffs. *See* Federal Defendants' First Set of Interrogatories, attached as Exhibit U. The majority of questions relate to the factual allegations in the complaint and the analysis of damages. *Id.* However, amongst the 92 interrogatories are questions about the immigration status of family members (question 3.b.i-iii), whether Plaintiffs' "report[ed] to immigration officials" when they "entered the United States" (question 8), whether Plaintiffs have family members residing outside the United States, and if so who and where (question 9). *Id.* at 3, 5. Question 6 reads:

> "6. Please state where you born and, for each time you entered the United States, indicate:
>
>    a.  when you entered the United States;
>    b.  where you entered the United States;
>    c.  who was with you when you entered the United States;
>    d.  whether you paid money to enter the United States and, if so, who did you pay and how much did you pay to enter the United States;
>    e.  what was your status when you entered the United States;
>    f.  have you done anything to change that status and, if so, what did you do to change your status and when did you take such action;
>    g.  did you have any official documents allowing you to enter or obtain subsequent documents allowing you to remain in the United States
>    h.  have you ever filed any documents or applications with the Department of Homeland Security, through any of its departments, including but not limited to the Immigration and Customs Enforcement Agency or the Citizenship and Immigration Services and, if so, what documents were filed, where were they filed, and when were they filed;
>    i.  state your current immigration status."

*Id.* at 4.

On February 4, 2009, the Individual Danbury Defendants served a Request for Production on Plaintiffs, requesting a total of five categories of documents. *See*

Individual Danbury Defendants' Requests for Production, attached at Exhibit V. The first request was for all the documents listed in Plaintiff's initial 26(a) disclosures, and the rest were all related to Plaintiffs' immigration status. *Id.* Requests 2-4 deals with documentation submitted during Plaintiffs' removal proceedings, and request 5 reads:

> "All documents and records with respect to Plaintiffs' immigration status at that time of the incident alleged in the Amended Complaint and at the current time, including, but not limited to, 'A-Files'.[sic]"

*Id.* at 3.

On March 11, 2009, the Individual Danbury Defendants served interrogatories and a second Request for Production on the Plaintiffs. *See* Individual Danbury Defendants First Set of Interrogatories and Requests for Production, attached as Exhibit W. These mirror the requests made by the Federal Defendants in their Interrogatories and Requests for Production. *Compare* Ex. F and Ex. G *with* Ex. I. As before, there is no reference in any of these discovery requests to any factual allegations in this case.

Respectfully submitted,

_____/s/_____
Christopher N. Lasch, Supervising Attorney, ct27139
Michael J. Wishnie, Supervising Attorney, ct27221
Ramzi Kassem, Supervising Attorney, ct27537
Ari Holtzblatt, Law Student Intern
Heide Iravani, Law Student Intern
Elizabeth Simpson, Law Student Intern
Rebecca Heller, Law Student Intern
Dror Ladin, Law Student Intern
Jerome N. Frank Legal Services Organization
Yale Law School
127 Wall Street
New Haven, CT 06511
Telephone:  (203) 432-4800
Facsimile:  (203) 432-1426
michael.wishnie@yale.edu
christopher.lasch@yale.edu

ramzi.kassem@yale.edu

*Counsel for Plaintiffs*

April 10, 2009

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 10, 2009, a copy of the foregoing was sent by Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.


Douglas P. Morabito
U.S. Attorney's Office-NH
157 Church St., 23rd floor
New Haven, CT 06510

Charles A. Deluca
Ryan, Ryan, Johnson & Deluca, LLP-CT
707 Summer Street
Stamford, CT 06901

Daniel E. Casagrande
Cramer & Anderson - Danbury
30 Main Street
Suite 303
Danbury, CT 06810


By_____/s/_____
         Rebecca Heller
         Law Student Intern

April 10, 2009