# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JUAN BARRERA, JOSÉ CABRERA, | : | |
| DANIEL CHAVEZ, JOSÉ DUMA, | : | |
| JOSÉ LLIBISUPA, ISAAC | : | |
| MALDONADO, EDGAR REDROVAN, | : | |
| NICHOLAS SEGUNDO SANCHEZ, | : | CIVIL ACTION NO.: 3:07-cv-01436-RNC |
| JUAN CARLOS SIMBAÑA, and | : | |
| DANILO BRITO VARGAS, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | September 30, 2009 |
| | : | |
| MARK BOUGHTON, ALAN BAKER, | : | |
| JOSÉ AGOSTO, RICHARD DEJESUS, | : | |
| JAMES A. FISHER, JAMES LALLI, | : | |
| CRAIG MARTIN, JOSEPH NORKUS, | : | |
| JOHN DOES, CITY OF DANBURY, | : | |
| JAMES BROWN, RICHARD | : | |
| MCCAFFREY, RONALD PREBLE, | : | |
| JOHN DOES AND the UNITED STATES, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS
## MOTION TO COMPEL RESPONSES TO DISCOVERY

The federal defendants, through counsel, hereby move to compel answers to their

Interrogatories dated February 24, 2009.  Pursuant to Rule 37 (a) of the Federal Rules of Civil

Procedure, and Local Rule 37, the federal defendants respectfully request that this Court order

plaintiffs to cooperate in discovery by responding to the interrogatories directed to the above

named plaintiffs.

## I.      RELEVANT LAW

### A.      CIVIL DISCOVERY

A court may order a party to respond to discovery requests.  Fed. R. Civ. P. 37 (a).  Rule 33 states that "[w]ithout leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served."  The rule further states that "[t]he party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories.  A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties subject to Rule 29."  "The burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the discovery rules found in the Federal Rules of Civil Procedure."  Obiajulu v. City of Rochester, Dep't of Law, 166 F.R.D. 293, 295 (W.D.N.Y. 1996).  The "mere recitation of familiar litany that an interrogatory is 'overly broad, burdensome, oppressive, and irrelevant'" does not suffice as a specific objection.  Momah, v. Albert Einstein Medical Center, 164 F.R.D. 412, 417 (E.D. Pa. 1996).

### B.      FIFTH AMENDMENT

Plaintiffs have invoked the Fifth Amendment privilege against self incrimination in response to discovery propounded by the federal defendants.  The Fifth Amendment privilege protects the person asserting the privilege from compelled self-incrimination. See, e.g., United States v. Doe, 465 U.S. 605, 610 (1984); Fisher v. United States, 425 U.S. 391, 396 (1976).  A valid assertion of the privilege does not require the pendency of criminal proceedings. Continental Baking Co. v. Sacchetta, 1992 U.S. Dist. LEXIS 17946 (N.D. Ill. 1992). The privilege can be raised in civil proceedings.  Kastigar v. United States, 406 U.S. 441, 444 (1972).

A valid assertion of the Fifth Amendment privilege exists where a "witness has reasonable cause to apprehend danger [of incrimination] from a direct answer." Hoffman v. United States, 341 U.S. 479, 486 (1951); see also United States v. Van Rossem, 164 F.3d 620, 620 (2d Cir. 1998). "To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." Hoffman, 341 U.S. at 486-87.

However, mere imaginary, remote, or speculative possibilities of prosecution are not sufficient. A party/witness implicating the Fifth Amendment must show a real danger. United States v. Apfelbaum, 445 U.S. 115, 128 (1980). "[T]he trial court need not take on faith that the answer[s] to the propounded questions may incriminate." Folding Carton, 609 F.2d 867, 871 (7th Cir. 1979). "The burden of establishing a real danger of prosecution lies with the claimant." Steinbrecher v. Comm'r, 712 F.2d 195, 198 (5th Cir.1983). As a witness must have a reasonable basis to assert the Fifth Amendment, "a blanket assertion of the privilege that fails to indicate the issues with respect to which the witness fears prosecution will not suffice." See, e.g., Hoffman, 341 U.S. at 486; United States v. Goodwin, 625 F.2d 693, 700-01 (5th Cir.1980). The law is clear that a party's/witnesses's "say-so does not of itself establish the hazard of incrimination." Hoffman, 341 U.S. at 486. The proponent of a Fifth Amendment privilege must make "a good faith effort to provide the trial judge with sufficient information from which he can make an intelligent evaluation of the claim." Id. at 1160.

## III.    THE INTERROGATORIES

The federal defendants propounded discovery to each plaintiff individually. For convenience sake, the federal defendants will use plaintiff Barrera's response as a model and will

note differences between his responses and the other plaintiffs where necessary. At the outset, the federal defendants also note that plaintiffs' counsel have represented to the federal defendants that plaintiffs have fully answered interrogatories 14, 22, 24, 39, 60, 61, 66, 70, 73, 84-89, 91 and that they have produced all documents responsive to the requests for production other than privileged documents identified on plaintiffs' privilege log. The federal defendants also note that they and plaintiffs have been able to reach an agreement on the following interrogatories, obviating the need for further litigation: 5 (limited to college); 10; 11-13 (limited to the U.S. only); 15 & 17 (limited to the U.S. and/or similar injuries); 20; 23; 27-30 (limited to the U.S. only); 32-35 (with redactions), 60; 63; 77-83.

---

Interrogatory Number 3:

3.  (a) State the names, addresses, and present ages of your spouses, if married, or your significant other, your children, and any other relatives you have in the United States, indicating their relationship to you.
    (b) For each of the individuals identified in subsection (a) indicate,
        (i) where they were born
        (ii) when they entered the US
        (iii) their current immigration status
    (c) Indicate whether you discussed the circumstances of this lawsuit with any individual identified in section (a), and state whether you intend to call such individual(s) as a witness in this lawsuit.

Objection:

3.  (a) To the extent this part of the Interrogatory asks about the names and addresses of Plaintiff's family, Plaintiff objects that the information sought is irrelevant and not reasonably calculated to lead to discovery of admissible evidence. Subject to the foregoing general and specific objections, Plaintiff has a significant other, three children, and one brother.
    (b) Plaintiff objects to this part of the Interrogatory to the extent it is overbroad and unduly burdensome, seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and is designed to harass, vex and annoy the Plaintiff. Plaintiff also objects because the information sought is protected by Plaintiff's

4

> *Fifth Amendment right and he should not have to choose whether to vindicate his other constitutional rights in this action or assert his Fifth Amendment right against self-incrimination. Furthermore, pending the adjudication of Plaintiff's <u>Motion for a Protective Order on all Discovery Requests Regarding Plaintiffs' Immigration Status or Alienage</u>, he declines to answer this question.*
> *(c) Plaintiff has discussed the circumstances of this lawsuit with all his family members but Plaintiff and counsel have not yet decided which individuals to call as witnesses in this lawsuit.*

Starting with subpart A, plaintiffs object on relevance.  At the outset, it is useful to note that the standard of relevance in discovery is broad.  <u>Moses v. Halstead</u>, 236 F.R.D. 667, 671 (D. Kan. 2006) ("Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party.  A request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party.").  The names and address of plaintiffs' family members is relevant and likely to lead to discoverable evidence on two levels.  First, as plaintiffs admit in subpart C, they discussed the case with their family members and therefore, the family may know of admissions or inconsistent statements made by the plaintiffs.  The family members are potential fact witnesses, so the federal defendants are entitled to know the family members names and locations so that they can be interviewed and/or deposed.  Nonetheless, plaintiffs are improperly denying the federal defendants access to individuals whom plaintiffs concede have information relevant to this action.  Secondly, plaintiffs' claim for damages rests on emotional distress damages.  Family members and friends are in a unique position to assess the plaintiffs' condition prior to the incident and after the incident and can provide useful information about the plaintiffs' mental, physical and emotional states.  Indeed, plaintiffs claim to suffer from fear and anxiety, among other things, due to the circumstances alleged in the complaint and thus the federal defendants

are entitled to conduct discovery in this area.  Moreover, these individuals may lead to further witnesses who possess knowledge relevant to plaintiffs' claims.

In subpart C, plaintiffs refuse to provide this information on the basis that "counsel have not yet decided which individuals to call as witnesses in this lawsuit."  The federal defendants note that it appears from plaintiffs' counsel's response that the only witnesses likely to testify at trial regarding plaintiffs' emotional distress are plaintiffs themselves.  However, counsel's uncertainty as to which witnesses they might use is not a valid basis to deny the federal defendants discoverable information.  As set forth above, this information is completely relevant and likely to lead to discoverable evidence because the family members and friends contain discoverable information which could be useful towards a damages calculation.  In sum, plaintiffs' unwillingness to provide this basic discovery information severely prejudices the federal defendants' ability to fairly and meaningfully defend this litigation which is especially troubling where, as here, six ICE agents are sued in their personal capacities for money damages.

---

Interrogatory Number 4:

4.    *State the names, addresses, dates of birth, and relationship of all individuals who have resided with you for the past ten years.*

Objection:

4.    *Plaintiff objects to this Interrogatory to the extent it is overbroad and unduly burdensome, seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and is designed to harass, vex and annoy the Plaintiff. Plaintiff also objects because the information sought is protected by Plaintiff's Fifth Amendment right and he should not have to choose whether to vindicate his other constitutional rights in this action or assert his Fifth Amendment right against self-incrimination. Furthermore, pending the adjudication of Plaintiff's Motion for a Protective Order on all Discovery Requests Regarding Plaintiffs' Immigration Status or Alienage, he declines to answer this question.*

6

The federal defendants have agreed with plaintiffs to limit this interrogatory to individuals' residences in the United States.  Plaintiffs set forth blanket objections to this interrogatory.  As set forth in the discussion of interrogatory number 3, individuals who reside with plaintiffs are in unique position to both observe the plaintiffs' behavior and emotions before and after the incident to assess their mental state and may also know of statements by plaintiffs' about this case.  The federal defendants are entitled to interview and/or depose these potential fact witnesses as part of their defense to this litigation.  Because this interrogatory seeks relevant evidence, it is not designed to harass, vex, or annoy.  Moreover, the federal defendants' limitation to the United States deals with plaintiffs' overbreadth argument.  Furthermore, this interrogatory is not unduly burdensome because plaintiffs can simply sit down with their counsel and consider who has actually resided with them over the past ten years.  This inquiry would not tax plaintiffs' resources.   Again, plaintiffs' unwillingness to provide this basic information severely prejudices the federal defendants' ability to fairly and meaningfully defend this litigation because they are being denied access to information relevant to the case.

Furthermore, plaintiffs' assert their Fifth Amendment right in declining to respond to this interrogatory.  However, "the burden of establishing a real danger of prosecution lies with the claimant." Steinbrecher v. Comm'r, 712 F.2d 195, 198 (5th Cir.1983).  As a witness must have reasonable basis to assert the Fifth Amendment, "a blanket assertion of the privilege that fails to indicate the issues with respect to which the witness fears prosecution will not suffice." See, e.g., Hoffman, 341 U.S. at 486; United States v. Goodwin, 625 F.2d 693, 700-01 (5th Cir.1980). The proponent of a Fifth Amendment privilege must make "a good faith effort to provide the trial judge with sufficient information from which he can make an intelligent evaluation of the claim." Hoffman, 341 U.S. at 486.

Here, plaintiffs have not provided any explanation other than their own conclusory assertions that answering this interrogatory could be a link in the chain to criminal charges. Plaintiffs have failed to make any showing that a real danger of prosecution exists. Indeed, plaintiffs' general claim that they have a good faith basis for raising the privilege is nothing more than a blanket assertion without indicating the issues for which they fear prosecution and more importantly, provides no basis by which the Court can meaningfully evaluate their privilege claim. The law is clear that the Court is not required to simply rely on counsels' "say so" without any explanation, rather, counsel should provide the Court with sufficient information so that the claim can be intelligently evaluated. Because plaintiffs have failed to do so, the Court should find plaintiffs have failed to make the requisite showing for invocation of the right against self-incrimination.

---

Interrogatory Number 21:

> 21.   *Did you discuss the circumstances and/or facts of this case with anyone other than your attorneys? If so, for each such conversation indicate:*
> *A) who did you speak with?*
> *B) when did the conversation occur?*
> *C) where did the conversation take place?*
> *D) who was present for the conversation?*
> *E) what was the substance of those conversation(s)?*

Objection:

> 21.   *Plaintiff objects to this Interrogatory to the extent it is duplicative of Interrogatories 22, 23, and 39 and incorporates by reference the responses provided therein. Plaintiff is unable to recall each and every instance of discussion of this case but responds to what he can reasonably recollect:*
> *a) Plaintiff has spoken with his family members and several friends who he knows from Kennedy Park.*
> *b) Plaintiff cannot recall when exactly each and every conversation occurred*

> *c) To the best of Plaintiff's recollection, these conversations primarily took place in Danbury.*
> *d) Plaintiff cannot recall who was present for each and every conversation.*
> *e) Plaintiff generally discussed how he was arrested and the details of his incarceration.*

As with interrogatory number 3, the federal defendants seek the names of those individuals that plaintiffs' discussed the facts of this case and their damages with.  As such, for the same reasons outlined by the federal defendants in regards to interrogatory number 3, the federal defendants respectfully request that plaintiffs provide the above information so that they can fairly and meaningfully defend this lawsuit.

---

## Interrogatories Nos. 44 through 59

Interrogatory Number 44:

> *44.    For each federal defendant,*
> *(a) state the factual basis for your claim that the federal defendants violated your Fourth Amendment rights as alleged in Paragraphs 244-245 of your Amended Complaint, including but not limited to, how you lost your right to liberty, how you suffered harm to your reputation, how  you suffered harm to your professional prospects, how you suffered monetary damages, and how you suffered emotional distress;*
> *(b) state the names and addresses of all witnesses who have personal knowledge of any of the information provided in subsection (a) of this interrogatory;*
> *(c) identify each and every document which supports your factual contentions as alleged in Paragraphs 244-245 of your Amended Complaint.*

Objection:

> *44.    Plaintiff objects to this Interrogatory because it is overbroad, vague and unduly burdensome. Subject to the foregoing general and specific objections, Plaintiff responds as follows: [**there follows 14 pages of single spaced narrative and lists – please see attached exhibit for the plaintiff's response**].*

Interrogatory Number 45:

45.  *For each federal defendant,*
*(a) state the factual basis for your claim that the federal defendants violated your Fifth Amendment right to Equal Protection as alleged in Paragraphs 247-250 of your Amended Complaint, including but not limited to, how you lost your right to liberty, how you suffered harm to your reputation, how you suffered harm to your professional prospects, how you suffered monetary damages, and how you suffered emotional distress;*
*(b) state the names and addresses of all witnesses who have personal knowledge of any of the information provided in subsection (a) of this interrogatory;*
*(c) identify each and every document which supports your factual contentions as alleged in Paragraphs 247-250 of your Amended Complaint.*

Objection:

45.  *Plaintiff objects to this Interrogatory because it is overbroad, vague and unduly burdensome. Furthermore, Plaintiff objects to the extent it is duplicative of Interrogatory 44 and incorporates the response provided therein.*
*Plaintiff reserves the right to amend, supplement or correct any part of this response at a later date.*

Interrogatory Number 46:

46.  *For each federal defendant,*
*(a) state the factual basis for your claim that the federal defendants violated your Fifth Amendment right to Due Process as alleged in Paragraphs 252-253 of your Amended Complaint, including but not limited to, how you lost your right to liberty, how you suffered harm to your reputation, how you suffered harm to your professional prospects, how you suffered monetary damages, and how you suffered emotional distress;*
*(b) state the names and addresses of all witnesses who have personal knowledge of any of the information provided in subsection (a) of this interrogatory;*
*(c) identify each and every document which supports your factual contentions as alleged in Paragraphs 252-253 of your Amended Complaint.*

Objection:

46.  *Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, overbroad, and unduly burdensome.  Furthermore, Plaintiff objects to this Interrogatory to the extent that it is duplicative of*

*Interrogatories 44 and 45 and incorporates by reference the responses given therein.*
*Plaintiff reserves the right to amend, supplement or correct any part of this response at a later date.*

Interrogatory Number 47:

47.     *For each federal defendant,*
*(a) state the factual basis for your claim that the federal defendants conspired to inflict an unconstitutional injury on you as alleged in Paragraphs 255-258 of your Amended Complaint, including but not limited to, how you lost constitutional rights, how you lost your right to liberty, how you suffered harm to your reputation, how you suffered harm to your professional prospects, how you suffered monetary damages, and how you suffered emotional distress;*
*(b) Identify each overt act taken by the federal defendants in furtherance of this conspiracy;*
*(c) state the names and addresses of all witnesses who have personal knowledge of any of the information provided in subsection (a) of this interrogatory;*
*(c) identify each and every document which supports your factual contentions as alleged in Paragraphs 255-258 of your Amended Complaint.*

Objection:

47.     *Plaintiff objects to this Interrogatory to the extent that it is unduly burdensome and vague. It is also duplicative of Interrogatories 44, 45, and 46 and Plaintiff incorporates by reference the responses given therein.*
*Plaintiff reserves the right to amend, supplement or correct any part of this response at a later date.*

Interrogatory Number 48:

48.     *With respect to your claims for false arrest and false imprisonment as alleged in Paragraphs 260-265 of your Amended Complaint:*
*(a) state, with respect to each federal defendant, the factual basis of your claim that the federal defendants unlawfully took custody of, arrested, or caused your arrest;*
*(b) state, with respect to each federal defendant, the factual basis for your claim that the federal defendants lacked probable cause to arrest you;*
*(c) state, with respect to each federal defendant, the names and addresses of all witnesses who have personal knowledge of any of the information provided in response to this interrogatory;*
*(d) identify each and every document which supports your factual contentions as alleged in Paragraphs 260-265 of your Amended Complaint.*

Objection:

48. *Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, overbroad, and unduly burdensome. Furthermore, Plaintiff objects to subpart (a) to the extent it is duplicative of Interrogatories 44, 45, 46 and 47 and incorporates by reference the responses given therein.*
*Plaintiff reserves the right to amend, supplement or correct any part of this response at a later date.*

Interrogatory Number 49:

49. *With respect to your claims for intentional infliction of emotional distress as alleged in Paragraphs 266-268 of your Amended Complaint:*
*(a) state, with respect to each federal defendant, the factual basis of your claim that the federal defendant intended to inflict emotional distress upon you;*
*(b) state, with respect to each federal defendant, the factual basis for your claim that the federal defendant's conduct was extreme and outrageous;*
*(c) state the names and addresses of all witnesses who have personal knowledge of any of the information provided in response to this interrogatory;*
*(d) identify each and every document which supports your factual contentions as alleged in Paragraphs 266-268 of your Amended Complaint;*
*(e) indicate whether you have every sought counseling or medical treatment for this claim;*
*(f) state the nature of your emotional distress.*

Objection:

49. *Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, overbroad, and unduly burdensome. Furthermore, Plaintiff objects to subparts (a), (b), (c), (d) and (f) to the extent they are duplicative of Interrogatories 14, 44, 45, 46, 47, and 48 and incorporates by reference the responses given therein. Plaintiff objects to subparts (e) and (f) to the extent they are duplicative of Interrogatories 14, 15, 16, and 17 and incorporates by reference the responses given therein.*
*Plaintiff reserves the right to amend, supplement or correct any part of this response at a later date.*

Interrogatory Number 50:

50. *With respect to your claims for negligent infliction of emotional distress as alleged in Paragraphs 269-273 of your Amended Complaint:*
*(a) state, with respect to each federal defendant, the factual basis of your claim that the federal defendant created an unreasonable risk of causing you emotional distress;*
*(b) state, with respect to each federal defendant, the factual basis for your claim that your emotional distress was caused by the federal defendant's conduct and was severe enough that it might result in illness or bodily harm;*
*(c) state the facts which support your contention that defendant McCaffrey failed to supervise ICE officers On the date of this incident;*

(d) state the names and addresses of all witnesses who have personal knowledge of any of the information provided in response to this interrogatory;
(e) identify each and every document which supports your factual contentions as alleged in Paragraphs 269-273 of your Amended Complaint;
(f) indicate whether you have every sought counseling or medical treatment for this claim;
(g) state the nature of your emotional distress.

Objection:

50.    Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, overbroad, and unduly burdensome. Furthermore, Plaintiff objects to subparts (a), (b), (c), (d), (e) and (g) to the extent they are duplicative of Interrogatories 14, 44, 45, 46, 47, 48 and 49 and incorporates by reference the responses given therein. Plaintiff also objects to subparts (e) and (f) to the extent they are duplicative of Interrogatory 49.
Plaintiff reserves the right to amend, supplement or correct any part of this response at a later date.

Interrogatory Number 51:

51.    With respect to your claims for abuse of process as alleged in Paragraphs 274-285 of your Amended Complaint:
(a) state, with respect to each federal defendant, the factual basis of your claim that the federal defendants abused the legal process for a purpose which it was not intended;
(b) state, with respect to each federal defendant, the factual basis for your claim that they deceived, arrested, detained, transferred, imprisoned, coerced, intimidated, and humiliated you, as alleged in Paragraph 274;
(c) state, with respect to each federal defendant, the factual basis for your claim that they unlawfully refused to set bond for you;
(d) state, with respect to each federal defendant, the factual basis for your claim that they unlawfully transferred you to detention facilities outside the State of Connecticut;
(e) state, with respect to each federal defendant, the factual basis for your claim that they purposely intended to humiliate and harass you;
(f) state, with respect to each federal defendant, the factual basis for your assertion that you were isolated from counsel and witnesses;
(g) state, with respect to each federal defendant, the factual basis for your assertion that you were placed under severe pressure to abandon your legal rights;
(h) state, with respect to each federal defendant, the factual basis for your assertion that this federal defendant caused your transfer to detention facilities outside of the State of Connecticut;
(i) state, with respect to each federal defendant, the factual basis for your assertion that this federal defendant forced you to sign documents you could not read or understand;

13

*j) state the names and addresses of all witnesses who have personal knowledge of any of the information provided in response to this interrogatory; 1. identify each and every document which supports your factual contentions as alleged in Paragraphs 274-285of your Amended Complaint;*

Objection:

51.    *Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, overbroad, and unduly burdensome. Furthermore, Plaintiff objects to the extent it is duplicative of Interrogatories 44, 45, 46, 47, 48 and 49 and incorporates by reference the responses given therein.*
*Plaintiff reserves the right to amend, supplement or correct any part of this response at a later date.*

Interrogatory Number 52:

52.    *State the factual basis for your assertions in Paragraph 32 of your Amended Complaint that: Mayor Boughton promoted the local enforcement of federal immigration laws and that Danbury has seen an increase in the immigration population. For each,*
*(a) state the names and addresses of all witnesses who have personal knowledge of any of the information provided in response to this interrogatory;*
*(b) provide all documents which support these allegations.*

Objection:

52.     *Plaintiff objects to this Interrogatory to the extent that it is vague, unduly burdensome, and seeks information not within the Plaintiffs control. Furthermore, Plaintiff objects to the extent that it is duplicative of Interrogatories 44, 45, 46, 47, 48, 49 and 51 and incorporates by reference the responses given therein.*
*Plaintiff reserves the right to amend, supplement or correct any part of this response at a later date.*

Interrogatory Number 53:

53.    *State the factual basis for your assertion in Paragraph 33 of your Amended Complaint that Mayor Boughton and/or his administration has targeted, harassed, and intimidated Latino immigrants; state the names and addresses of all witnesses who have personal knowledge of any of the information provided in response to this interrogatory; and provide all documents which support these allegations.*

Objection:

53.    *Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, overbroad, and unduly burdensome. Furthermore, Plaintiff objects to the extent that it is duplicative of Interrogatories 44, 45, 46, 47, 48, 49, 51 and 52 and incorporates by reference the responses given therein.*

*Plaintiff reserves the right to amend, supplement or correct any part of this response at a later date.*

Interrogatory Number 54:

> 54.   *State the factual basis for your assertion in Paragraph 34 of your Amended Complaint that Mayor Boughton directed discriminatory policies against Danbury's Ecuadorian community; state the names and addresses of all witnesses who have personal knowledge of any of the information provided in response to this interrogatory; and provide all documents which support these allegations.*

Objection:

> 54.   *Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, overbroad, and unduly burdensome. Furthermore, Plaintiff objects to the extent that it is duplicative of Interrogatories 44, 45, 46, 47, 48, 49,51,52 and 53 and incorporates by reference the responses given therein.*
> *Plaintiff reserves the right to amend, supplement or correct any part of this response at a later date.*

Interrogatory Number 55:

> 55    *State the factual basis for your assertion in Paragraph 42 of your Amended Complaint that Mayor Boughton and Chief Baker have encouraged and instructed the Danbury Police Department to carry out independent civil immigration enforcement; state the names and addresses of all witnesses who have personal knowledge of any of the information provided in response to this interrogatory; and provide all documents which support these allegations.*

Objection:

> 55.   *Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, overbroad ,and unduly burdensome. Furthermore, Plaintiff objects to the extent that it is duplicative of Interrogatories 44, 45, 46, 47, 48, 49, 51, 52, 53 and 54 and incorporates by reference the responses given therein.*
> *Plaintiff reserves the right to amend, supplement or correct any part of this response at a later date.*

Interrogatory Number 56:

> 56.   *State the factual basis for your assertion in Paragraph 47 of your Amended Complaint that "ICE Defendants were fully aware of Mayor Boughton's alleged unlawful immigration enforcement campaign; state the names and addresses of all witnesses who have personal knowledge of any of the information provided in response to this interrogatory; and provide all documents which support these allegations.*

Objection:

> 56.   *Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, overbroad, and unduly burdensome. Furthermore, Plaintiff objects to the extent that it is duplicative of Interrogatories 44, 45, 46, 47, 48, 49, 51, 52, 53, 54 and 55 and incorporates by reference the responses given therein.*
> *Plaintiff reserves the right to amend, supplement or correct any part of this response at a later date.*

Interrogatory Number 57:

> 57.   *State the factual basis for your assertion in Paragraph 66 of your Amended Complaint that the individual federal defendants or any other representative of ICE were aware of any alleged discriminatory intent on the part of any Danbury defendant; state the names and addresses of all witnesses who have personal knowledge of any of the information provided in response to this interrogatory; and provide all documents which support these allegations.*

Objection:

> 57.   *Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, overbroad, and unduly burdensome. Furthermore, Plaintiff objects to the extent that it is duplicative of Interrogatories 44,45,46,47,48,49,51,52,53,54,55 and 56 and incorporates by reference the responses given therein.*
> *Plaintiff reserves the right to amend, supplement or correct any part of this response at a later date.*

Interrogatory Number 58:

> 58.   *State the factual basis for your assertion in Paragraph 67 of your Amended Complaint that Danbury Police Department's communication to ICE was non-specific and based on group stereotypes; state the names and addresses of all witnesses who have personal knowledge of any of the information provided in response to this interrogatory; and provide all documents which support these allegations.*

Objection:

> 58.   *Plaintiff objects to this Interrogatory the extent that it is duplicative of Interrogatories 44,45, 46, 47, 48, 49, 51, 52, 53, 54, 55, 56 and 57 and incorporates by reference the responses given therein.*
> *Plaintiff reserves the right to amend, supplement or correct any part of this response at a later date.*

Interrogatory Number 59:

>   59.     *State the factual basis for your assertion in Paragraph 71 of your Amended Complaint that the federal defendants proceeded on the basis of racial and ethnic stereotypes and perceived national origin; state the names and addresses of all witnesses who have personal knowledge of any of the information provided in response to this interrogatory; and provide all documents which support these allegations.*

Objection:

>   59.     *Plaintiff objects to this Interrogatory to the extent that it is vague, ambiguous, overbroad, and unduly burdensome. Furthermore, Plaintiff objects to the extent that it is duplicative of Interrogatories 44, 45, 46, 47, 48, 49, 51, 52, 53, 54, 55, 56, 57 and 58 and incorporates by reference the responses given therein. Plaintiff reserves the right to amend, supplement or correct any part of this response at a later date.*

Counsel for plaintiffs and counsel for the federal defendants have discussed plaintiffs'

answers to this interrogatory several times.  Counsel for plaintiffs represent that they have fully

answered these interrogatories because, by providing the full narrative, it has provided the

federal defendants with the complete universe of facts.  There are several problems with this

approach.  First, the narrative is not tailored to any one plaintiff; each plaintiff's response is the

same and contains information that some of the plaintiffs would not know.  For example, the

following paragraph appears in Barrera's responses to interrogatories:

>   On October 3, 2006, *ICE flew Plaintiffs Cabrera, Chavez, Redrovan, Sanchez, an[d] Simbana* handcuffed and shackled to Texas. ICE kept the Plaintiffs in shackles for the entire journey to Texas-a period of nearly sixteen hours. ICE briefing *held Plaintiff at the Port Isabel Processing Center in Los Fresnos, Texas*, and *then detained him at the Willacy Detention Center in Raymondville, Texas*. ICE detained Plaintiff Redrovan at the Port Isabel Processing Center for the entire period. While at Willacy Detention Center, *Plaintiff was subjected to horrendous detention conditions*. Plaintiff endured extremely overcrowded and unsanitary conditions, and prison officials denied them adequate medical care and adequate amounts of food at regular intervals. *At times, Plaintiff was forced to eat with his bare hands*. Prison guards frequently verbally insulted, taunted, and ridiculed the Plaintiffs.

Barrera Interrogatory Response #44 (emphasis added).  The response itself clearly indicates that

the federal defendants did not, in fact, transfer Barrera to Texas.  Yet, the narrative goes on to

state that "Plaintiff" was forced to eat with his hands.  This does not make any sense and is not responsive.  The interrogatories were directed to individual plaintiffs and plaintiffs did not actually give answers based on their personal knowledge.  A fair reading of the response to interrogatory number 44 is that it is a narrative written by counsel despite the fact that plaintiffs are each individually required to answer the interrogatories posed.  The failure to provide each plaintiff's knowledge is only exacerbated, however, by plaintiffs' choice to object and incorporate answer number 44 to fifteen other contention interrogatories.  See Interrogatory numbers 44 to 56.

As is evident, the federal defendants asked a specific series of contention interrogatories, see interrogatory numbers 44 to 56, in an attempt to determine the actual facts that each plaintiff relied upon in making his specific claims.  Plaintiffs have not, in any meaningful way, answered these interrogatories.  Rather, they have provided a non-specific narrative of counsel that does not identify, for example, what facts each plaintiff has to support a claim of negligent infliction of emotional distress.  See interrogatory number 50.  It is undisputed that each plaintiff had a different experience – how then could each plaintiff simply rely on a generic narrative to prove his claim?  Should plaintiffs fail to give specific answers now, or should the Court fail to compel those answers, the obvious result is that the federal defendants must file a motion in limine to bar the plaintiffs from using any other evidence to prove their claims because that evidence was not provided in discovery in their omnibus answer to interrogatory number 44.

Plaintiffs have failed to comply with their discovery obligations and are attempting to turn this case into an ambush.  In Sheehy v. Ridge Tool Co, the plaintiff objected to the interrogatory asking the plaintiff to "Set forth in full and complete detail, with respect to each defendant, each and every way that you claim defendants were negligent."  2007 U.S. Dist.

LEXIS 24215 (D. Conn. April 2, 2007).  The court overruled the plaintiff's objection and granted the defendants' motion to compel holding that the interrogatory was a "classic example of a permissible contention interrogatory under Rule 33(c).  Defendants are construing the complaint to contain a negligence count and requesting the factual basis thereof.  Defendants are clearly permitted this information under Rule 33(c)."  Id., at *4-5.  This case is no different.  Plaintiffs have not given a meaningful response and as a result the federal defendants are severely prejudiced in defending this law suit.  Because plaintiffs have not provided the individual facts that each plaintiff intends to rely upon at trial, this Court should compel them to each individually answer the interrogatories posed based on their own personal knowledge.

Moreover, plaintiffs have interjected frivolous, boilerplate objections in response to each of the above interrogatories.  For example, in interrogatory number 49, the federal defendants asked each plaintiff for the factual basis for each plaintiff's intentional infliction of emotion distress claim and referred each plaintiff to the specific paragraphs of the complaint where the claim is alleged.  Each plaintiff objected on the bases that the interrogatory was "vague, ambiguous, overbroad, and unduly burdensome."  These boilerplate objections have no logical or legal support and should be rejected by the Court.

The interrogatories cannot be vague or ambiguous as a matter of law because they refer each plaintiff to his specific legal claim and the specific paragraphs of his complaint where the claim was alleged.  Similarly, it is not overbroad or unduly burdensome because it seeks the very facts that each plaintiff would rely upon in proving his claim.  Presumably the plaintiffs have alleged these claims in good faith and have not violated Rule 11; they should be able, therefore, to identify the facts that they believed they could prove when they brought the lawsuit.  Because plaintiffs have not answered each question individually but instead offered a generic narrative,

the federal defendants have no idea what information has been withheld pursuant to these objections.

Finally, it is of no moment that the federal defendants could ask these questions in a deposition.  A party may chose the initial method of discovery and this interrogatory is designed to help prepare and focus the questions in a deposition.  Richards v. Convergys Corp., 2006 U.S. Dist. LEXIS 63567, *3-5 (D. Utah 2006).  Answering or objecting that the information could be better obtained in a deposition is not responsive.  See Williams v. Johanns, 235 F.R.D. 116, 118 (D.D.C. 2006).  Even if plaintiffs had already been deposed, which has not happened yet, the interrogatories are appropriate, because a party may respond differently at a deposition than it would in written discovery.  Martin v. Easton Pub. Co., 85 F.R.D. 312, 314-315 (D. Pa. 1980) ("[i]ncorporation by reference to a deposition is not a responsive answer, for '(t)he fact that a witness testified on a particular subject does not necessarily mean that a party who is required to answer interrogatories adopts the substance of the testimony to support his claim or contention.'").  The federal defendants seek answers to help them better prepare for plaintiffs' depositions and to ascertain the factual bases for each individual plaintiff's claims.  Without actually being responded to by individual plaintiffs based on their respective personal knowledge, the federal defendants are severely prejudiced in defending this action.  As such, the federal defendants request that the Court overrule the objections and order each plaintiff to provide the individual facts that he intends to rely upon to prove his case at trial.

Interrogatories Nos. 68 & 69

Interrogatory Number 68:

> 68.   *State the name and title of the ICE officer who told your counsel that ICE*
> *would not transfer you before 3:00pm on October 3, 2006. (Chavez,*
> *Sanchez and Simbana)*

Objection:

> 68.   *Plaintiff's hereby withdraw this allegation*

Interrogatory Number 69:

> 69.   *State the name of your counsel who was told by the ICE official identified*
> *in your response to Interrogatory Number 68 that you would not be*
> *transferred before 3:00pm on October 3, 2006.*

Objection:

> 69.   *Plaintiff's hereby withdraw this allegation*


Interrogatories 68 and 69 seek the same type of information, specifically the names of
those who were told that ICE was transporting plaintiffs', prior to their bond hearings, and the
names of those officers. The federal defendants recognize that plaintiffs' have withdrawn this
allegation, however the events and communications surrounding plaintiffs' bond hearings are
part of the factual narrative of this case. Plaintiffs' claims in the Amended Complaint include
poor conditions of confinement, denial of access to lawyers, family, and phones, improper
transfer, abuse of process and retaliation, among others. Therefore, the federal defendants are
entitled to know the facts upon which plaintiffs' base these claims, including the events that
occurred at or before plaintiffs' bond hearings.  Indeed, some plaintiffs have alleged that ICE
transferred them to Texas in an effort to receive more favorable judicial review, to cause
plaintiffs to give up their legal rights and in an effort to seclude them from their lawyers and

witnesses.  Furthermore, these facts are relevant for the purposes of determining fact witnesses and damages, as explained with regard to interrogatory number 3. Moreover, the identities of these fact witnesses are within the control of plaintiffs.  In sum, plaintiffs' unwillingness to provide this basic discovery information severely prejudices the federal defendants' ability to fairly and meaningfully defend this litigation which is especially troubling where, as here, six ICE agents are sued in their personal capacities for money damages.

Interrogatory Number 71:

71.     State the factual basis for your assertion in Paragraph 145 of your Amended Complaint that you suffered damage to your reputation as a result of your arrest; state the names and addresses of all witnesses who have personal knowledge of any of the information provided in response to this interrogatory; and provide all documents which support this allegation.

Objection:

71.     Plaintiff objects to this Interrogatory to the extent that it is ambiguous, unduly burdensome. Plaintiff also objects to the extent it is duplicative to Interrogatories 44,45,46,47,48,49,51,52,53,54,55,56,57,58,59,60,70 and Plaintiff incorporates by reference the responses provided therein. Subject to the foregoing general and specific objections, Plaintiff responds as follows:
1. After Plaintiff was liberated from jail, Plaintiff discovered that many of Plaintiff's family members, friends, neighbors, and professional acquaintances were aware that Plaintiff was arrested and spent time in jail.
2. Prior to September 19, 2006, Plaintiff received regular offers of employment from several people, including Dale, Bryan, and Sam. (Plaintiff does not recall last names.) These people have stopped calling Plaintiff since the incident.
3. Plaintiff has been harassed by passing drivers when he goes to find work at Kennedy Park. Several people have slowed down their cars and yelled insults at him, including "Fucking guy go back to your country."
4. If and when Plaintiff becomes aware of the names of witnesses to damage to Plaintiff's reputation, they will be produced.
5. If and when Plaintiff becomes aware of documents supporting Plaintiff's assertion, they will be produced.

22

The federal defendants recognize that this question may have been fully answered to the best of plaintiffs' ability.  With that said, however, plaintiffs must know the names of the individuals referenced in the answer.  Plaintiffs state that once out of jail, many of their "family members, friends, neighbors, and professional acquaintances were aware that plaintiff was arrested and spent time in jail."  Plaintiffs also state that people who plaintiffs received "regular offers" of work from were no longer calling plaintiffs.  As the federal defendants argued with respect to interrogatory number 3, these family members, friends, and employers are all potential fact witnesses who the federal defendants are entitled to interview and/or take depositions from in order to ascertain facts and be able to properly defend this law suit.  Specifically, the friends, family members, and professional acquaintances can provide information regarding emotional distress, admissions, and perspective on plaintiffs' claims of fear of ICE and law enforcement generally.  The federal defendants respectfully request that the Court compel plaintiffs to provide names and identities of the witnesses referenced in the above answer.   Without such information, the federal defendants ability to meaningfully defend this action is severely compromised.

---

Interrogatory Number 75:

75.     (a) State the factual basis for your assertion in Paragraphs 146 and 147 of your
Amended Complaint that you continue to suffer fear that you, your family
members, your acquaintances, day laborers, and Latino Ecuadorian immigrant
residents will be arbitrarily and unlawfully arrested suffered damage to your
reputation as a result of your arrest;
(b) state the names and addresses of all family members, acquaintances, day
laborers and Latino Ecuadorian immigrant residents you are referring to in
subsection (a) of this interrogatory;
(c) state the names and addresses of all witnesses who have personal knowledge
of any of the information provided in response to this interrogatory;
(d) provide all documents which support this allegation.

Objection:

> 75.    (a) Plaintiffs arrest on September 19, 2006 was an arbitrary detention not based
> upon reasonable suspicion or probable cause that Plaintiff had committed a
> violation of any governing law or ordinance. Plaintiff was arrested as part of an
> indiscriminate sweep of individuals the Defendants targeted based on racial
> profiling. Plaintiff fears that any other Latino day laborer or resident could, at
> any time, be subjected to the same arbitrary and unlawful detention.
> (b) Plaintiffs fear is not particular to the circumstances of any individual due to
> the indiscriminate nature of the sweeps. Therefore, Plaintiff objects to this
> Interrogatory because the names of Latino acquaintances and family members
> are irrelevant.
> (c) Plaintiff objects to this Interrogatory to the extent that it seeks information
> requested in subpart (b) of this Interrogatory. Subject to the foregoing general
> and specific objections, if and when Plaintiff has awareness of the names of
> witnesses who have personal knowledge of information relating to this response,
> they will be provided.
> (d) Plaintiff objects to this Interrogatory to the extent that it seeks information
> requested in subpart (b) of this Interrogatory. Subject to the foregoing general
> and specific objections, if and when Plaintiff has awareness of documents relating
> to this response, they will be provided.
> Plaintiff reserves the right to amend, supplement or correct any part of this
> response at a later date.

As an initial matter, the federal defendants note that this is yet another example of what appears to be answers written by counsel rather than by individual plaintiffs.  The federal defendants asked the factual basis for plaintiffs' claimed fears as alleged in the amended complaint.  The federal defendants also asked the identity of these individuals so as to be able to interview and/or depose such individuals regarding whether such fear exists, among other things. As with interrogatory number 71, the federal defendants also request the names of the people plaintiffs spoke with. The names of these individuals are relevant if plaintiff spoke to them about the fear of being arrested and deported by ICE.  As with interrogatory number 71, again, the federal defendants are entitled to speak to these individuals because they are potential fact witnesses.  As noted above, these witnesses may know of admissions made by plaintiffs and could provide information on plaintiffs' claims of emotional distress.  Furthermore, with respect

24

to the answer given to subpart C, plaintiffs should only state whether there is or is not someone with personal knowledge relating to the response. If there are such persons, plaintiffs should give the names and addresses as set forth in the interrogatory, if there are no such persons, plaintiffs should simply state so. Plaintiffs make bold sweeping allegations regarding fear and the like, but at the same time refuse to provide straight forward responses from plaintiffs themselves stating the factual basis for their own allegations. Instead, the answers appear to be legal conclusions written by counsel which is improper under the rules.

Interrogatory Number 92:

> 92.    *Did you own, have use of, or carry a cell phone in 2006? If so, provide*
> *(a) the name of the service provider;*
> *(b) the name of the individual(s) who entered into the contract with the service provider;*
> *(c) the style of phone you used; and*
> *(d) the telephone number for the cell phone.*

Objection:

> 92.    *Plaintiff objects to this Interrogatory to the extent it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence and is designed to harass, vex and annoy the Plaintiff. Plaintiff also objects because the information sought is protected by Plaintiffs Fifth Amendment right and he should not have to choose whether to vindicate his other constitutional rights in this action or assert his Fifth Amendment right against self-incrimination. Further, pending the adjudication of Plaintiff <u>Motion for a Protective Order on all Discovery Requests Regarding Plaintiffs' Immigration Status or Alienage</u>, Plaintiff declines to respond.*

Plaintiffs raise numerous objections to this interrogatory. As to the relevance objection, plaintiffs' claim they were not given the opportunity to call friends, family, or attorneys when in the custody of ICE. The federal defendants, however, believe that the ICE and/or Danbury officers will testify that certain plaintiffs were using their cell phones or attempting to use their cell phones while in the back of the ICE van. Thus, this information is relevant. Moreover this

information would not cause plaintiffs to be vexed or annoyed because it is a simple task of naming the service provider of the cell phone, the name on the contract, the type of phone and the phone number, which may be easily accomplished by looking at a bill or statement.

Plaintiffs also object based on the Fifth Amendment.  As a general principle, a witness must have a reasonable basis to assert the Fifth Amendment and "a blanket assertion of the privilege that fails to indicate the issues with respect to which the witness fears prosecution will not suffice."  See, e.g., Hoffman, 341 U.S. at 486; United States v. Goodwin, 625 F.2d 693, 700-01 (5th Cir.1980).  The proponent of a Fifth Amendment privilege must make "a good faith effort to provide the trial judge with sufficient information from which he can make an intelligent evaluation of the claim."  Hoffman, 341 U.S. at 486.  Plaintiffs have not provided the federal defendants with any information as to how information related to plaintiffs' cell phones implicates them in a crime.  Without any specific information, the federal defendants can only note that the cell phone information does not, as far as the federal defendants can tell, implicate plaintiffs in any criminal conduct.  As such, the Court should conclude that plaintiffs, without more detail, have improperly invoked the Fifth Amendment privilege.[1]

For all the foregoing reasons, the federal defendants respectfully request that the Court grant their motion to compel.

---

[1] The federal defendants note that plaintiff Edgar Redrovan provided the federal defendants with answers to the above questions at his deposition on September 10, 2009.

DEFENDANT

Nora R. Dannehy
United States Attorney


By:       */S/ Douglas P. Morabito*
            Douglas P. Morabito (ct20962)
            Michelle McConaghy (ct27157)
            David C. Nelson (ct25640)
            Assistant United States Attorneys
            U.S. Attorney's Office
            157 Church St., 23rd Floor
            New Haven, CT 06510
            Tel:  (860) 947-1101
            Fax:  (860) 760-7979
            Email:  Douglas.Morabito@usdoj.gov


## **CERTIFICATION**

I hereby certify that on September 30, 2009, a copy of the foregoing was filed electronically.  Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


            */S/ Douglas P. Morabito*
            Douglas P. Morabito