UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JUAN BARRERA, et al,           :
                               :
    Plaintiffs,                :
                               :
    v.                         :        CASE NO. 3:07cv1436(RNC)
                               :
MARK BOUGHTON, et al.,         :
                               :
    Defendants.                :

RULING ON PLAINTIFFS' MOTION TO COMPEL AND FOR COSTS

Pending before the court is the plaintiffs' motion to compel the City of Danbury and individual Danbury defendants to respond to their requests for production and for an award of costs. (Doc. #292, 295.) Having considered the arguments made by counsel in their briefs[1] and during oral argument, the motion is granted in part and denied in part as follows.

I. Specific Requests for Production

Requests for production 3, 4, 5, 13, 14, 23 and 25 concern immigration enforcement activities. In an effort to address the defendants' objections, the plaintiffs proposed that in lieu of the requests, the defendants: (1) search a list of 305 dates of incidents of immigration enforcement activity in Danbury in which

---

[1]These motions have been the subject of extensive briefing. In addition to the initial moving papers, the court has before it the defendants' opposition (doc. ##338, 339, 341, 362, 453 and 456) and plaintiffs' reply (doc. ##371, 372).

Danbury police might have been involved[2]; (2) search Danbury Police department Special Investigation Division ("SID") records for documents related to immigration enforcement; and (3) produce records for any incidents the defendants are able to identify. (Doc. #292 at 7-8, #294, Ex. J, K.)  The defendants contend that the proposed modification does not address their concerns and maintain their objections to the production requests.  (Doc. #341 at 2.)  The court rules as follows:

1. <u>Request for Production 3</u>: The defendants objected on the grounds that the request is vague, not relevant and unduly burdensome.[3]  These objections are over-ruled: the request is not vague, the information is relevant and the defendants have made no showing as to burden for the production of non-electronically stored information.  The defendants argue that the temporal scope of the request, which seeks responsive documents from December 2001 to the present, is overly broad.  The court agrees.  The incident at issue occurred in September 2006.  During oral argument, the plaintiffs indicated willingness to modify the cut-off date and suggested, <u>inter alia</u>, a cut-off date of September 2007.  (Tr. at 24.)  That date is reasonable.  Accordingly, production request 3

---

[2]The plaintiffs compiled the list of dates from information provided by the federal defendants.  (Doc. #292 at 7 n. 9.)

[3]The defendants also objected on the grounds of the law enforcement privilege.  During oral argument, however, they withdrew this objection as to all requests.  (Tr. at 9.)

2

is granted as limited by the plaintiffs to the period of January 2002 to September 2007.

2.  <u>Request for Production 5</u>: Granted absent objection as to hardcopy documents.

3.  <u>Request for Production 13</u>: The defendants objected on the grounds that the request is vague, not relevant and unduly burdensome. These objections are over-ruled: the request is not vague, the information is relevant and the defendants have made no showing as to burden for the production of non-electronically stored information. The defendants' objection as to overbreadth, however, is sustained. The defendants argue, and the court agrees, that the temporal scope of the requests, which seek responsive documents from January 2002 to the present is overly broad. The motion to compel is granted for the period of January 2002 to September 2007.

4.  <u>Requests for Production 14, 23 and 25</u>: The defendants' objections of vagueness, over breadth, undue burden and relevance are overruled and the motion to compel as to these requests is granted.

As to the aforementioned requests, to the extent that the plaintiffs request that the defendant officers search for and produce responsive emails still on their computers, their request

is granted.[4]

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), the plaintiffs move for costs and attorney fees they incurred in trying to resolve the dispute as to immigration enforcement records and in briefing this aspect of their motion to compel. (Doc. #292 at 13.) Upon consideration of all of the circumstances, the court has determined that an award of costs would be unjust.

5. Requests 15 and 16: The motion to compel is denied as moot in light of the parties' resolution.

6. Request 33: The defendants' objections on the grounds that the request is vague, overly broad, unduly burdensome, and not relevant are overruled and the motion to compel is granted.

7. Requests 26, 28 and 29: The defendants' objections on the grounds that the requests are not relevant and unduly burdensome (except as to electronically stored information) are overruled. During oral argument, the defendants indicated that they have produced responsive documents and agreed to ask individual UNIT members search their computers for responsive documents. In view of this representation, the plaintiffs stated during oral argument that the motion to compel as to these requests is moot. (Tr. at 62.)

8. Request for Production 30: The court granted this request on

---

[4] The record is unclear as to whether the defendants have produced these records. (Tr. at 73.)

4

the record during oral argument. (Tr at 70.)

II. <u>Electronically Stored Information</u>[5]

As to all requests for production, the plaintiffs move to compel production of electronically stored information ("ESI") on the defendants' server. The parties met and conferred in a good faith effort to resolve the issue of the defendants' production of ESI.[6] The plaintiffs subsequently proposed search parameters and conveyed to the defendants a list of 40 custodians, 80 key words and a temporal scope of January 2004 to the present. (Doc. #372, Ex. A; tr. at 76.)

The defendants object to this proposal. They state that they have already produced 948 emails, none of which support the plaintiffs' claims of racial profiling and harassment. (Tr. at 105, 108). They argue that the proposed search is unduly burdensome and proffer the declarations of two IT experts who opine that such a

---

[5] Amended Rule 26(f) directs parties to discuss any issues relating to disclosure or discovery of ESI, including the form or forms in which it should be produced. The amended rule requires the parties to address and attempt to resolve at the outset of the case some of the issues that the parties now face in the midst of discovery.

[6] "As the Sedona Conference recognized last year, cooperation between counsel regarding the production of electronically stored information 'allows the parties to save money, maintain greater control over the dispersal of information, maintain goodwill with courts, and generally get to the litigation's merits at the earliest practicable time.' The Case for Cooperation, 10 Sedona Conf. J.. 339, 339 (2009)." <u>Trusz v. UBS Realty Investors LLC</u>, No. 3:09 CV 268(JBA)(JGM), --- F.R.D. ----, 2010 WL 3583064, at *4 (D. Conn. Sept. 7, 2010).

5

search, absent costs for attorney review of the documents, would cost approximately $60,000. (Doc. #453.) The defendants further maintain that the proposed temporal scope is overly broad and seek to limit it to a period of 2005 to 2007. (Tr. at 102.)

In response to this impasse, the parties worked diligently but could not agree on a phased approach to ESI discovery. The defendants contend that the initial ESI search be limited to three individuals - Mayor Boughton, Chief of Police Baker and Lieutenant Fisher - for a cost of approximately $13-15,000, which they argue the plaintiffs should bear. The plaintiffs counter that they want a larger sample that includes, at a minimum, the three individuals as well as former Deputy Corporation Counsel Eric Gottschalk, former Mayoral Chief of Staff Michael McLachlan and Police Captain Weston. During oral argument, the plaintiffs stated that (1) any sampling should include the defendants and (2) they stand by their initial proposal of 40 custodians. (Tr. at 137.)

Under the Federal Rules, a party is required to provide discovery of electronically stored information unless that party shows that the source of such information is "not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B).[7] Once it is shown that a source of electronically

---

[7] Fed. R. Civ. P. 26(b)(2)(B), which provides:
A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective

6

stored information is not reasonably accessible, the requesting party may still obtain discovery by showing good cause, considering the limitations of Rule 26(b)(2)(C) which balance the costs and potential benefits of discovery. "The decision whether to require a responding party to search for and produce information that is not reasonably accessible depends not only on the burdens and costs of doing so, but also on whether those burdens and costs can be justified in the circumstances of the case." Fed. R. Civ. P. 26, Advisory Committee Note to the 2006 amendments to Rule 26(b)(2).[8]

In view of their submissions, the defendants have met their burden of showing that the information sought by the plaintiffs in their proposal of 40 custodians is not reasonably accessible. Fed.

---

> order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

[8]According to the Advisory Committee's Notes to the 2006 amendments to Rule 26(b)(2),

> Appropriate considerations may include: (1) the specificity of the discovery request; (2) the quantity of information available from other and more easily accessed sources; (3) the failure to produce relevant information that seems likely to have existed but is no longer available on more easily accessed sources; (4) the likelihood of finding relevant, responsive information that cannot be obtained from other, more easily accessed sources; (5) predictions as to the importance and usefulness of the further information; (6) the importance of the issues at stake in the litigation; and (7) the parties' resources.

R. Civ. P. 26(b)(2)(B). On the present record, the court is not persuaded that the plaintiffs have shown good cause for the production of ESI that is not reasonably accessible.

At this juncture, the court is persuaded that a phased approach to ESI discovery is appropriate. See S.E.C. v. Collins & Aikman Corp., 256 F.R.D. 403, 418 (S.D.N.Y. 2009)("The concept of sampling to test both the cost and the yield is now part of the mainstream approach to electronic discovery."); McPeek v. Ashcroft, 202 F.R.D. 31, 34-35 (D.D.C. 2001) (authorizing a "test-run" of costly data restoration). Accordingly, the defendants shall conduct a search of the electronically stored files of Mayor Boughton, Baker and Lieutenant Fisher using the terms proposed by the plaintiffs for the period of January 2004 to September 2007.

The defendants request that the plaintiffs bear the cost of any ESI production. This request is denied. Cost-shifting is not to be "considered in every case involving the discovery of electronic data, which - in today's world - includes virtually all cases. . . . The Supreme Court has instructed that 'the presumption is that the responding party must bear the expense of complying with discovery requests. . . .' Any principled approach to electronic evidence must respect this presumption." Zubulake v. UBS Warburg LLC, 217 F.R.D. 309, 317 (S.D.N.Y. 2003). Rather "cost-shifting should be considered only when electronic discovery imposes an 'undue burden or expense' on the responding party." Id.

8

at 318. "The burden or expense of discovery is, in turn, 'undue' when it 'outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.'" Fed. R. Civ. P. 26(b)(2)(C). Under the circumstances of this case and having considered all the relevant factors, Zubulake v. UBS Warburg LLC, 217 F.R.D. at 321-22, the discovery request, as modified, does not constitute an "undue burden or expense."[9]

SO ORDERED at Hartford, Connecticut this 30th day of September, 2010.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge

---

[9]This ruling does not foreclose the possibility that costs for requests for additional ESI may be proportioned. See Zubulake v. UBS Warburg LLC, 216 F.R.D. 280 (S.D.N.Y. 2003).