## **CALENDAR AND SETTLEMENT CONFERENCE ORDER**

This case is scheduled for a settlement conference with Magistrate Judge Martinez on **November 23, 2010** at **11:00 a.m.**, United States District Court, 450 Main Street, Room 262, Hartford, Connecticut.  Those in attendance at the conference should be prepared to spend the remainder of the day at the settlement conference.

I. <u>PARTIES WITH FULL AUTHORITY MUST ATTEND</u>.  The parties are hereby ORDERED to be present at the conference.  If a party is a legal entity, not an individual, a representative of the party who is <u>fully authorized to decide all matters</u> pertaining to the case shall be present at the conference.  The court will not hold a settlement conference without all parties present. A party may not participate by phone without express, advance approval by the court.  In cases where a party requires authority from an insurer to settle the case, the party shall ensure that an insurance company representative with full authority to settle the case is present at the conference. For a plaintiff, "full authority" means final authority to dismiss the case with prejudice, and to accept in settlement an amount or terms down to the defendant's last offer. For a defendant, "full authority" means final authority to commit a defendant to pay, in the representative's own discretion, a settlement amount up to the plaintiff's prayer or the plaintiff's last demand, whichever is lower.  The purpose of this requirement is to have in attendance a person with both the authority and

independence to settle the case during the settlement conference without consulting anyone not present. The requirement that parties personally appear is intended to increase the efficiency and effectiveness of the settlement conference. Failure of a party with full authority to settle the case to attend the conference may result in the imposition of sanctions. See Nick v. Morgan's Foods, 99 F. Supp. 2d 1056, 1062-63 (E.D. Mo 2000). Counsel are ordered to advise their respective clients and insurance company representatives of the Nick decision.

II. EXCHANGE OF OFFERS AND DEMANDS. Settlement conferences are often unproductive unless the parties have exchanged offers and demands before the conference and made a serious effort to settle the case on their own. Therefore, **not less than 14 days before the conference**, the plaintiffs' counsel shall serve a settlement demand upon counsel for the defendant. The demand shall be accompanied by the plaintiffs' analysis of damages. If the defendant disagrees with the plaintiffs' calculation of damages, the defendant's counsel shall respond to the plaintiffs' analysis not later than 4 working days before the conference. The defendant is encouraged to make a settlement offer prior to the settlement conference.

III. CONFERENCE MEMORANDA. By **November 16, 2010**, counsel shall submit to chambers of the undersigned an ex parte, confidential conference memorandum. The memorandum shall be double spaced in no less than 12 point font. The plaintiffs' submission -

as to all defendants and claims - shall not exceed 30 pages.  The submissions of the Danbury defendants and the Federal defendants may not exceed 15 pages.  The submissions shall include the following: (A) a list of the claims and defenses; (B) the legal elements of the claims and defenses; (C) the evidence in support of the claims and defenses; (D) a damages analysis; (E) a discussion of the strengths and weaknesses of the case, including an analysis of which claims are most likely to succeed, which are the least likely to succeed and which are the most vulnerable to disposition on summary judgment.  The submission shall also address (F) the status of the case, including the discovery remaining and substantive motions filed or contemplated; and (G) settlement negotiations to date.  The plaintiffs' counsel shall attach a copy of the complaint to the plaintiffs' <u>ex parte</u> memorandum.  By no later than November 16, 2010, counsel for the parties shall provide chambers and all other counsel a list of names and identifying information of all those who will attend the mediation.  If claims are covered by insurance, the insured party shall submit to the court a short summary of the terms of coverage, including whether there are any claims which are not covered by the policy.

    IV.  <u>REQUESTS PERTAINING TO THE CONFERENCE</u>.  Any requests pertaining to the conference shall be made to the chambers of the undersigned in writing, or by telephone confirmed in writing, no later than 10 days from the date of this order.  Any counsel

requesting continuances, which will be considered only for good cause shown, shall consult with all opposing counsel before making the request and, in the event of a continuance, shall notify all parties of the new date and time.

rev.1/24/06